UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-MC-21517-MGC

IN RE :

APPLICATION OF
ARMANDO DE ARMAS

    Applicant.
_____/

**MEMORANDUM IN SUPPORT OF APPLICATION FOR
DISCOVERY ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

This memorandum is submitted by Armando de Armas (the "Applicant") in support of his Application for Discovery Assistance (the "Application") for discovery from Darmiven, Inc., a Florida Corporation ("Respondent" or "Darmiven"), pursuant to 28 U.S.C. § 1782 ("Section 1782" or the "Statute").

**I.      INTRODUCTION**

The Applicant is a party to anticipated legal proceedings in Panama concerning investments jointly held with his uncles, Martin Antonio de Armas Silva and Andres de Armas Silva. These investments include a series of entities that hold investment accounts at Northern Trust (the "Northern Trust Accounts") and an airplane, Tail No. V-PCDV (the "Airplane"), located in Miami-Dade County. These entities are operated and managed by the Respondent, which is the custodian of records pertaining to the Northern Trust Accounts and the Airplane.

The Applicant here seeks discovery assistance from the Court pursuant to Section 1782, and requests that the Court instruct Darmiven to provide documents and deposition testimony as set forth in the Application for use in the foreign proceedings.

## II. RELEVANT PARTIES

The Applicant, Mr. de Armas, is a shareholder in multiple corporations that are managed by Darmiven, Inc.

The Respondent, Darmiven, Inc., is a Florida corporation with offices at 6355 NW 36th Street, Suite 506, Miami, Florida 33166. The Respondent operates and manages several entities owned jointly by the Applicant and his uncles, Martin Antonio de Armas Silva and Andres de Armas Silva. These entities' investments and operations in Miami-Dade County, Florida, include the Northern Trust Accounts and the Airplane.

The authorized officers, directors, and employees of Darmiven include Carlos Obregon, Mariangel Caicoya, and Maira I. Sanchez. All of these individuals work at Darmiven's offices in located Miami.

## III. FACTUAL CONTEXT

The Applicant and his uncles, Martin Antonio de Armas Silva and Andres de Armas Silva, are each equal shareholders in numerous investments around the world. These include two entities, Jerome International, S.A. ("Jerome") and Marand Re S.A. ("Marand"),[1] which maintain active investment accounts at Northern Trust in Miami, Florida – with what was believed to be approximately US$10 million on deposit. Jerome and Marand operate as holding companies for investments in the United States and elsewhere made by or on behalf of the Applicant and his uncles. These entities are managed and operated by Darmiven, principally through its employees Carlos Obregon, Mariangel Caicoya, and Maira I. Sanchez.[2]

---

[1]   Jerome and Marand are Panamanian Corporations.
[2]   In addition, Felipe Gonzalez is employed by a related entity in connection with the Airplane.

A dispute has arisen between the Applicant and his uncles concerning the misappropriation of the funds held by Jerome and Marand, the administration of Jerome and Marand, and the Applicant's rights to access or receive information concerning the Northern Trust Accounts. This dispute also was the subject of a separate litigation proceeding in Eleventh Judicial Circuit of Florida.[3] As a consequence, Darmiven and the Applicant's co-shareholders have notice of the existence of a dispute.

In addition to the Applicant's interest in Jerome and Marand, the Applicant is also a shareholder in a series of Panamanian and BVI entities that own and operate the Airplane. As with the Northern Trust Accounts, the Applicant has been denied access to the Airplane and any records associated with its use, operation, and management. The entities that own and operate the Airplane are managed by Darmiven from its Doral, Florida, offices. The Applicant provided written notice of a dispute concerning the Airplane on November 4, 2016.

## IV.    ARGUMENT

### A.    Section 1782 Expressly Authorizes the Discovery Assistance in this Case

Section 1782 grants United States District Courts extremely broad authority to facilitate discovery in support of foreign legal proceedings. The Statute embodies a longstanding Congressional policy favoring the liberal grant of assistance to foreign proceedings in hopes of advancing international comity and fostering cooperation by foreign jurisdictions with United States interests. See, e.g., In re Bayer AG, 146 F.3d 188, 191-192 (3d Cir. 1997) ("[Section 1782 is] designed to facilitate the conduct of litigation in foreign tribunals, improve international

---

[3]    The proceedings in the Eleventh Judicial Circuit of Florida (Case No. 2016-001033-CA01) (the "State Court Proceedings") were dismissed as to Jerome and Marand for *forum non conveniens* on February 24, 2017, in favor of the courts of the Republic of Panama. In connection with the Court's Order of Dismissal, the Defendants in the State Court Proceedings stipulated to accept service of process in Panama. Many of the discovery requests that are the subject of this Application overlap with the requests in the State Court Proceedings. The Court's Order of Dismissal is currently on appeal.

cooperation in litigation, and put the United States into the leadership position among world nations in this respect."). To that end, Section 1782 provides:

> The district court of the district in which a person resides or is found *may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal* . . . The order may be made . . . *upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (emphasis added).

Accordingly, Section 1782 assistance in the form of requests for production and depositions is authorized against (1) any "person" that resides or "is found" in the District where the application is made; (2) where the petition is made by "any interested person;" and (3) the information sought is for use "in a proceeding in a foreign or international tribunal." See id.

These requirements are expressly satisfied in this case because: (1) the Respondent, a Florida Corporation with its principal offices in Doral, Florida, "is found" in this district; (2) the Applicant is an "interested person" because Applicant is a co-owner of the entities at the heart of this Dispute; and (3) the Applicant is a prospective party in a proceeding to resolve these disputes, in which the Applicant intends to use the documents, testimony, and information sought.

### B.     The Supreme Court Affirmed the Broad Application of Section 1782 in *Intel*

The exceedingly broad sweep of Section 1782 was explicitly affirmed by the Supreme Court in Intel Corporation v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004). In particular, the Court reached the following holdings:

(1)   The "interested party" element of the Statute includes aggrieved interests that are not direct parties to the foreign proceeding for which discovery assistance is sought. Id. at 256-257.

(2)   The "foreign tribunal" element includes investigative, quasi-judicial, administrative, or arbitral proceedings, which need not even be pending at the time a petition is made under the Statute. Id. at 258.

(3)   Discovery under the Statute is available even if the type of discovery sought is not permissible in the foreign jurisdiction (i.e., there is no "foreign discoverability" rule). Id. at 253.

The Court explained that these holdings were the product of a long history of legislative efforts to facilitate United States assistance to foreign courts: "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Id. at 247.

### C.     *Intel* supports the Extension of Discovery Assistance in this Case

#### 1.   *Respondent is a "Person" under the Statute*

Section 1782 authorizes the Court to compel any "person" that "resides" or "is found" in the district to provide discovery. Respondent "resides" and "is found" in this district because it is a Florida corporation that maintains offices and conducts business at 6355 NW 36 Street, Suite 506, Miami, FL 33166.

Congress' use of the word "found" highlights the exceedingly low standard for satisfying this provision of the Statute. The Second Circuit Court of Appeals held that a person who lives and works abroad, but who was served with a subpoena while visiting the United States, may properly be compelled to provide discovery pursuant to the Statute. See In re Edelman, 295 F.3d 171, 178-79 (2d Cir. 2002) ("when a potential witness comes to the United States it is neither unfair nor inappropriate under the statute to undertake his discovery here."). The Applicant anticipates serving Respondent with a subpoena(s) in this district upon the issuance of an order by the Court authorizing the discovery assistance here requested.[4]

### 2. The Applicant is an "Interested Person" under the Statute

The Applicant qualifies as an "interested party" under the Statute. The Court's decision in Intel highlights the broad applicability of this standard. In concluding that AMD was an "interested party," the Court based its conclusion on the fact that under the European Union process for which assistance was sought, AMD had certain rights as a "complainant", including the rights to (1) prompt an investigation, (2) submit information for review by the Directorate General, and (3) seek judicial review in the event that the EU Commission discontinues the investigation or dismisses the complaint. Intel, 542 U.S. at 257.

Here, the Applicant will be an actual party to the anticipated litigation proceedings to resolve the Dispute. Thus, such proceedings will directly affect Applicant's substantive economic interests, with respect to which the Applicant has substantial enforceable rights.

---

[4] "Once discovery is authorized under § 1782, the federal discovery rules, Fed.R.Civ.P. 26-36, contain the relevant practices and procedures for the taking of testimony and the production of documents." In re Clerici, 481 F.3d 1324, 1336 (11th Cir. 2007).

### 3. The "Reasonably Contemplated Proceedings" Qualify under the Statute

Section 1782's requirement that the discovery be sought "for use in a proceeding in a foreign or international tribunal" is satisfied because the Applicant anticipates filing proceedings in Panama to resolve the Dispute.

The Applicant intends to use the information sought through the Application in these proceedings. In Intel, the Court confirmed a much lower threshold for satisfying the "proceeding in a foreign or international tribunal" requirement by concluding that the Directorate General, which is merely a governmental investigative body – and not a court or other adjudicatory institution – is a tribunal under the Statute. The Court cited authority for the proposition that "[t]he term 'tribunal' ... includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts." Intel, 542 U.S. at 248. In light of this expansive definition of the term, the proceedings described above clearly constitute a "proceeding in a foreign or international tribunal."

Additionally, the foreign proceedings also need not be "pending" to satisfy the "foreign or international tribunal requirement," but rather must only be "within reasonable contemplation." Intel, 542 U.S. at 259 ("[i]t is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding"). Therefore, the proceedings described likewise meet the requires of the Statute.

### D. The Court Should Exercise its Discretion to Grant the Requested Assistance

In Intel, the Court identified the following four factors "that bear consideration in ruling on" a § 1782(a) request: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of proceedings

underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome. See id. at 264-265.

Even when balancing these and other factors, however, the courts must exercise this discretion "in light of the twin aims of the statute," which provide a plainly pro-assistance policy (i.e., in favor of granting the petition). In re Gemeinshcaftspraxis Dr. Med. Schottdorf, 2006 U.S. Dist. LEXIS 94161, *13 (S.D.N.Y. Dec. 29, 2006).

An assessment of these factors weighs heavily in favor of granting the Applicant's request for discovery assistance. As is detailed above, Intel is an exceptionally strong affirmation of the longstanding public policy underlying Section 1782 favoring international discovery assistance. A grant of the Applicant's motion here is also consistent with the limited guidance provided in Intel because the Respondent is not a party to or participant in the foreign proceeding that might be compelled by a foreign tribunal to provide discovery. The nature of the foreign proceeding also would not implicate any factor or policy that would weigh against a grant of the Application. Finally, a grant of the assistance requested by the Applicant accordingly would not offend any foreign jurisdiction or constitute a circumvention of foreign proof-gathering rules.

### E. The Court Should Retain Jurisdiction over this Matter to Oversee Discovery

Granting the Application does not deprive the Court of its ability to oversee the ensuing Section 1782 discovery. Section 1782 contemplates the Court's ongoing supervision of the discovery assistance to be provided by stating that:

> The order may prescribe the practice and procedure, which may be in whole or in part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or

statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The Court accordingly retains its ability to manage discovery issues in accordance with Federal Rule of Civil Procedure 26 (and otherwise). See, e.g., Edelman, 295 F.3d at 178-179.

## V. CONCLUSION

In light of the foregoing, the Applicant respectfully requests that the Application be granted.

April 27, 2017

Respectfully submitted,

**DLA PIPER LLP (US)**

By: *s/ Harout Jack Samra*
Ryan O'Quinn
Florida Bar No. 513857
Ryan.OQuinn@DLAPiper.com
Harout Jack Samra
Florida Bar No. 70523
Harout.Samra@dlapiper.com
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
305-423-8500 Telephone
305-437-8131 Facsimile

*Counsel for Plaintiff*
*Armando de Armas Caraballo*