UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-MC-21517-MGC

IN RE:

APPLICATION OF ARMANDO DE ARMAS.
_____/

**RESPONDENT DARMIVEN, INC.'S MOTION TO VACATE OR STAY
ORDER GRANTING APPLICATION FOR DISCOVERY ASSISTANCE;
QUASH SUBPOENAS; OR ALTERNATIVELY, FOR PROTECTIVE ORDER**

Respondent Darmiven, Inc. ("Respondent" or "Darmiven"), by and through undersigned counsel, moves to vacate or stay the Court's Order [ECF No. 4] entered on April 24, 2017, granting Petitioner Armando De Armas Caraballo's ("Petitioner" or "Caraballo") Application for Discovery Assistance Pursuant to 28 U.S.C. § 1782 ("Application"), and to quash the subpoenas issued by Petitioner [ECF No. 6]. Respondent also moves, in the alternative, for the entry of a protective order narrowing the scope and use of the requested discovery. In support of this Motion, Respondent states as follows:

**INTRODUCTION**

Caraballo's *ex parte* Application fails to fully disclose the details of still-pending Florida State Court litigation, where extensive discovery was already provided. But, worse, Caraballo's Application asserts positions that are directly inconsistent with those he has taken in the pending litigation in state court. Thus, while Caraballo represents to this Court that he "anticipates filing proceedings in Panama," he has argued the opposite in filings just made before the Third District Court of Appeal of Florida in Case No. 17-659 on Jun 1, 2017 (the "Appeal"). In appealing a February 22, 2017 order of dismissal by the Honorable Rodney Smith, Circuit Court Judge of the

Eleventh Judicial Circuit in and for Miami-Dade County, Florida in Case No. 16-001022 CA 01 ("State Court Litigation"), Caraballo has expressly argued to the Third District Court of Appeal of Florida that Panama is **_NOT_** an adequate forum for the litigation he seeks to pursue. Clearly, Caraballo does not reasonably contemplate filing proceedings in Panama any time soon, and he should not be permitted to ask this Court to permit discovery based upon an unfounded claim that such foreign proceedings are imminent. At a minimum, the Application and the discovery sought should be stayed until the pending State Court Litigation is concluded and Panamanian proceedings are in fact filed.

As also detailed below, the requested discovery is unwarranted and objectionable in any event.

## CARABALLO HAS NOT SATISFIED HIS DUTY OF CANDOR TO THE COURT

As a threshold matter, a party and his counsel have a heightened duty of candor to the Court in cases where, as here, *ex parte* proceedings were launched without the participation of the opposing party. *See Green Development Corporation S.A. De. C.V. v. Zamora*, No. 15-21594-MC-GOODMAN, 2016 WL 2745844, at *5 (S.D. Fla. May 10, 2016). Rule 4-3.3 of the Florida Rules of Professional Conduct provides:

> **(c) Ex Parte Proceedings.** In an *ex parte* proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Fla. Bar Rule 4-3.3. Southern District of Florida Local Rule 3.8 similarly requires a party to alert the Court of related proceedings, with a continuing duty to keep the Court informed of new information. Florida Bar Rule 4-3.3 and Local Rule 3.8 work together to require "counsel bringing multiple related proceedings to advise the tribunals of each related proceeding." *Green Development,* 2016 WL 2745844 at *5.

The failure to comply with these disclosure obligations is itself grounds for the denial of a Section 1782 application. The Eleventh Circuit has expressly held that if a party's discovery "application is made in bad faith…the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation." *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) (internal citation omitted). The basis for such a denial includes a party's effort to pursue an application if it is made in "bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials." *Id.; see In re Kivisto*, 521 Fed. Appx. 886, 888 (11th Cir. 2013).

These principles are squarely applicable here, where Caraballo's Application contains no mention whatsoever of the pending State Court Litigation involving the same issues and allegations as the purported, but not-yet-filed foreign proceedings. [ECF No. 1]. His supporting Memorandum [ECF No. 2] includes a single sentence referencing "a separate litigation proceeding in Eleventh Judicial Circuit of Florida," with a footnote regarding Judge Smith's order of dismissal.

As the details of the State Court Litigation demonstrate, however, Caraballo's Section 1782 Application is entirely unwarranted and should not be allowed to proceed. At a minimum, it should be stayed until the State Court Litigation is fully decided, and litigation in Panama is in fact commenced.

## THE STATE COURT LITIGATION

On or about January 14, 2016, the Applicant filed a Complaint for Damages, Equitable Relief and Demand for Jury Trial ("Complaint") in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in Case No. 16-001022 CA 01 ("State Court Lawsuit"). As alleged in the

Complaint, Caraballo is a resident of Caracas, Venezuela. He is not a US citizen, not a Florida resident, and has no ties to this jurisdiction.

In the Complaint, Caraballo purported to sue two Panamanian corporations of which he is a minority, one-third member. The Panamanian corporations are Jerome International, S.A. ("Jerome") and Maranda Re S.A. ("Maranda") (collectively, the "Corporations"). The Corporations were formed in or about June of 2001 in Panama City, in the Republic of Panama, under Panamanian law. The shareholders who formed the Corporations were three brothers, Armando De Armas Silva ("Armando De Armas"), Martin Antonio De Armas Silva ("Martin De Armas"), and Andres De Armas Silva ("Andres De Armas"). Armando De Armas is Caraballo's father. The other two founders are Caraballo's uncles. Caraballo claims subsequently to have been transferred his father's shares, but remains, at most, a minority, one-third shareholder.

Caraballo's Complaint alleged that the defendants should have distributed assets held by the Corporations in investment accounts at Northern Trust Bank ("Accounts"), rather than continuing to hold the assets for investment purposes as preferred by the majority shareholders. Caraballo sought to bring the case in Florida, even though the Corporations' governing documentation was drafted in Spanish in Panama, executed in Panama, and is maintained at the Corporations' principal place of business in Panama City. All of the Corporations' officers and directors are also based in Panama City. The Corporations' Registered Agent is the law firm of Arias, Fabrega & Fabrega, located as well in Panama City.

In fact, the Corporations were themselves served with the Complaint in Panama, along with a Spanish translation. (The Affidavit of Service filed by Caraballo in the State Court Lawsuit is attached hereto as Exhibit "A").

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Not content to sue the Corporations, Caraballo initially named his uncles as defendants in the State Court Litigation. At the outset, Caraballo also sought to embroil Darmiven in the State Court Litigation, just as he does in this Application, by purportedly serving his uncles through representatives of Darmiven. A motion to quash that improper service of process was granted by Judge Smith by Order dated April 29, 2016 (Exhibit "B" hereto).

Caraballo then served the Corporations in Panama, followed by extensive discovery requests seeking production of documents and depositions.[1] Those requests in the State Court Litigation are duplicative of the discovery requests now served in this case. Judge Smith addressed the scope of discovery in the State Court Lawsuit, initially staying it then permitting narrower, more limited, party discovery to proceed by order dated October 19, 2016 (Exhibit "E" hereto). In response, the Corporations produced several thousand pages of documents, related to the Accounts at Northern Trust Bank.

By Order dated February 22, 2017, Judge Smith granted the Corporations' Motion to Dismiss on grounds of *forum non conveniens.* (Exhibit "F" hereto). As noted above, Caraballo apparently disagrees, contending that the action should proceed in Florida, and has filed an appeal of the Order. (His Initial Brief is attached as Exhibit "G" hereto).

And, unwilling to let the State Court Lawsuit run its course through appeal, Caraballo now seeks to involve this Court in the litigation – although by his own admission he has no genuine intent to institute proceedings in Panama.

Thus, in his Initial Brief on Appeal, at 16-20, Caraballo argues extensively that Judge Smith abused his discretion in holding that Panama was an adequate alternative forum.

---

[1] A request for production of documents is attached as Exhibit "C" hereto; notices of deposition of a corporate representative of Darmiven and three individual witnesses are attached as Exhibit "D" hereto.

5

Accordingly, Caraballo's position is that Panama is NOT an adequate alternative forum, and that the litigation should proceed in Florida. As detailed below, that position is wholly inconsistent with his representations to this Court in his Application that proceedings in Panama are reasonably contemplated.

## ARGUMENT

I. **THE STANDARDS GOVERNING 28 U.S.C. § 1782**

28 U.S.C. § 1782 permits litigants in foreign proceedings to obtain discovery in the United States in order to provide assistance in foreign litigation. 28 U.S.C. § 1782(a). Courts apply a two-step analysis when reviewing applications for judicial assistance: (1) addressing Section 1782's four mandatory requirements and (2) four additional factors that inform the court's discretion in granting the requested judicial assistance. *Intel Corp. v. Advanced Micro Devices*, *Inc.*, 542 U.S. 241, 256-58 (2004); *Consorcio Ecuatoriano v. Jas Forwarding*, 747 F.3d 1262, 1269 (11th Cir. 2014); *In re Pott*, No. 12-24515-CIV, 2013 WL 3189292 (S.D. Fla. June 30, 2013).

Under the first step of the analysis, an applicant for judicial assistance under Section 1782 must satisfy a four-part test to avail himself of the statute: (1) the request must be made "by a foreign or international tribunal," or by "any interested person;" (2) the request must seek evidence, whether it be "testimony or statement" of a person or the production of "a document or other thing;" (3) the evidence must be "for use in proceedings in a foreign or international tribunal;" and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. *Intel Corp.*, 542 U.S. at 256-58; *Consorcio*, 747 F.3d at 1269; *In re Clerici*, 481 F.3d 1324, 1326 (11th Cir. 2007).

If the Court finds that an applicant meets Section 1782's four requirements, then the Court moves to the second step in its analysis to consider additional discretionary factors in determining

6

*whether or not* to provide judicial assistance. *Intel*, 542 U.S. at 264; *United Kingdom v. United States*, 238 F.3d 1312, 1318-19 (11th Cir. 2001). Accordingly, if and only if an applicant has met Section 1782's requirements, then the court is authorized, *but not required*, to grant an application for judicial assistance. *Intel*, 542 U.S. at 255; *United Kingdom*, 238 F.3d at 1318-19. The discretionary factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other polices of a foreign country or the United States;" and (4) whether the request is otherwise "unduly intrusive or burdensome*.*" *In re Pott*, 2013 WL 3189262, at *3 (quoting *In re Clerici*, 481 F. 3d at 1334 (citation omitted)); *see also Intel*, 542 U.S. at 255.

In addition, the district court also may consider whether the application contains "unduly intrusive or burdensome requests," is made in bad faith, for the purposes of harassment, or is part of a "fishing expedition." *Intel*, 542 U.S. at 265; *Euromepa S.A. v. R. Esmerian*, *Inc.*, 51 F.3d 1095, 110, n. 6 (2d Cir. 1995); *United Kingdom*, 238 F.3d at 1319; *Kivisto*, 521 Fed. Appx. at 888. The district court exercises its discretion in light of the twin aims of Section 1782: to provide efficient means of assistance to participants in international litigation and to encourage "foreign countries by example to provide similar means of assistance" to courts in the United States. *Schmitz v. Bernstein Leibhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004); *see also Intel*, 542 U.S. at 264. Based on these principles, Caraballo's Application should be denied.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

## II.     CARABALLO FAILS TO MEET THE STATUTORY REQUIREMENTS

Caraballo fails to pass the first step of Section 1782's analysis because the requested discovery is not for use in proceedings in a foreign tribunal.  As Caraballo suggests, some courts have granted Section 1782 applications where foreign proceedings are not yet pending but are "reasonably contemplated." [ECF No. 3, at 7].  Those cases, however, do not support pre-filing fishing expeditions, especially in situations where, as here, the Applicant is still actively pursuing litigation in a local State Court and has asserted in its State Court papers that it does not believe litigation can even be pursued in the foreign forum.  Caraballo's alleged future proceedings "must be more than speculative and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Consorcio*, 747 F. 3d at 1270 (quoting *In re Letter of Request from the Crown Prosecution Serv. of the U.K.*, 870 F. 2d 686, 692 (D.C. Cir. 1989)).

Caraballo, unlike the applicants in *Consorcio* and *Crown Prosecution*, has failed to provide any reliable indications to establish a reasonably contemplated foreign proceeding.  The Applicant in *Consorcio* specifically identified the foreign court in which the proceedings were to be brought and supported its position that litigation was imminent with sworn declarations, including one from its Legal and Compliance Director, and supporting reports from its auditors. *Id.* In contrast, the Application here is unsworn, unsupported by any declarations, and directly contradicted by the Applicant's own filings in the State Court Appeal.

In fact, in the *Intel* decision on which Caraballo relies, the issue was whether an administrative proceeding before a European Union commission satisfied the requirements of the statute.  That proceeding was already ***pending***, and since it would be reviewable by the European

Courts, foreign proceedings were "within reasonable contemplation." *Id.* at 259. That is a far cry from the present circumstances.

The present situation is more akin to the situation in *In re Certain Funds*, No. 14 Civ. 1801(NRB), 2014 WL 2404955, at * 7 (S.D.N.Y. July 9, 2014), where the court refused to allow Section 1782 discovery to proceed. There, the petitioners attested that they had retained counsel to investigate and prosecute their claims in planned foreign proceedings. *Id*. The district court, however, was not persuaded that a foreign proceeding was within reasonable contemplation. As the court noted, "concerns about misuse of the discovery process [were] particularly pronounced in this case, since petitioners have had an opportunity to initiate judicial proceedings abroad but have failed to do so." *Id*. Caraballo, like the applicant in *Certain Funds*, has not initiated proceedings abroad and cannot show that this Application is anything more than a fishing expedition.

The Eleventh Circuit expressly cautioned:

> [t]o prevent abuse, the district judge should carefully examine and give thoughtful deliberation to any request for assistance submitted by an "interested person" before a judicial proceeding has begun. The district judge should satisfy himself that a proceeding is very likely to occur. If the judge doubts that a proceeding is forthcoming, or suspects that the request is a "fishing expedition" or a vehicle for harassment, the district court should deny the request.

*In re Request for Assistance from Ministry of Legal Affairs,* 848 F.2d 1151, 1156 (11th Cir. 1988). Here, application of this standard is straightforward. Caraballo's own position in his State Court filings on appeal that Panama is not an adequate alternative forum confirms he has no intent to bring proceedings in Panama. The request, therefore, should be denied.

### III. THE DISCRETIONARY FACTORS SUPPORT THE APPLICATION'S DENIAL.

Even if Caraballo could satisfy the statutory requirements, and he cannot, application of the discretionary factors warrants denial of the Application. As the courts have emphasized, "[t]he law

is clear that 'a district court is not required to grant a Section 1782(a) discovery application simply because it has the authority to do so.'" *Consorcio*, 747 F.3d at 1270 (quoting *Intel*); *In re Pott*, 2013 WL 3189262 at *2. Even if the statutory requirements are met, Section 1782 merely "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to interested person[s] in proceedings abroad." *Schmitz*, 376 F. 3d at 84 (quoting *Intel*, 542 U.S. at 255) (internal quotations omitted). Here, the Court should exercise its discretion to deny the Application because Caraballo's likely ulterior motives for seeking discovery weigh against granting the Application.

In exercising its discretion, as set forth above, the Court may consider whether an Application is "unduly intrusive or [contains] burdensome requests," is made in bad faith, for the purposes of harassment, or is part of a "fishing expedition." *Intel*, 542 U.S. at 265; *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 110, n. 6 (2d Cir. 1995); *United Kingdom*, 238 F.3d at 1319; *Kivisto*, 521 Fed. Appx. at 888. As the Eleventh Circuit has expressly held, if a party's discovery "application is made in bad faith…the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation." *United Kingdom*, 238 F.3d at 1319 (internal citation omitted). The basis for such a denial includes a party's effort to pursue an application if it is made in "bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials." *Id.; see Kivisto*, 521 Fed. Appx. at 888.

Here, Caraballo's improper motives are obvious. He has failed to disclose to the Court that discovery was already sought and obtained in the prior filed State Court Litigation. In fact, the discovery was obtained directly from the Corporations – who will be the targets of the Panamanian proceedings, if such proceedings are ever in fact brought. This, in and of itself, demonstrates the impropriety of this Application to unnecessarily seek duplicative discovery

from third parties, where the information is available directly from the parties. *See Intel,* 542 U.S. at 261 (need for Section 1782(a) discovery not apparent when information can be obtained directly from a participant in the foreign proceeding).

The discovery sought by Caraballo, moreover, was also already held to be overbroad and was accordingly limited by Judge Smith in the State Court Litigation. *See* Exhibit "F" hereto. The Application, of course, fails to mention this material fact and instead seeks to avoid the effect of this ruling, by re-propounding in another forum the requests that were already limited by Judge Smith and responded to by the Corporations.

Finally, the appeal of the Judge Smith's dismissal of Caraballo's claims is still pending. And, even more significantly, Caraballo has failed to disclose to this Court that, inconsistent with his representations that he intends to bring litigation in Panama, he contends in the pending State Court Litigation that Panama is **NOT** an adequate forum for the institution of this litigation.

Additionally, the discovery appears only marginally relevant, at best, to any alleged (but not-yet-filed) foreign proceedings. The dispute, as framed by Caraballo's State Court Complaint is whether, under Panamanian law, a minority shareholder can require the Panamanian Corporations' holdings to be liquidated and distributed. The discovery sought regarding the Accounts, much of which has already been provided in the State Court Litigation, is hardly relevant to the dispute, which concerns matters of internal corporate governance and control. As the court held in *In re The Petition of Asia Maritime Pacific Ltd.,* 2015 WL 5037129, No. 15-CV-2760, at *3 n.6 (S.D.N.Y. Aug. 26, 2015), "a request that appears only marginally relevant to the foreign proceedings may in certain cases suggest that the application 'is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials,' which

would be grounds for a discretionary denial of discovery." (quoting *Mees v. Butler,* 793 F.3d 291, 299 n.10 (2d Cir. 2015)).

Under these circumstances, the Application should not be permitted. And, at a minimum, it should be stayed pending ***FINAL*** resolution of the State Court Litigation, and the actual filing of litigation in Panama – if and when Caraballo actually pursues it.

## IV. THE DISCOVERY SHOULD BE STAYED IN ANY EVENT.

### A. The Court Has Inherent Authority to Stay these Proceedings.

The Court possesses the inherent authority to stay proceedings before it to provide for the efficient administration of justice. *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). It is well-established that a district court has the authority to stay proceedings on its own or on motion of the parties. *In re Alves Braga*, 789 F. Supp. 2d 1294, 1307-08 (S.D. Fla. 2011). A district court's broad authority to grant a stay extends to Section 1782 proceedings. *Id.* In addition to the discretionary factors, relevant considerations for determining whether to stay Section 1782 proceedings are (1) international comity; (2) fairness to litigants; and (3) judicial efficiency. *Alves Braga*, 789 F. Supp. 2d at 1307 (citation omitted); *see also In re Pinchuk*, No. 14-CIV-20047, 2014 WL 1328484, at * 2 (S.D. Fla. March 31, 2014); *In re Application of Horbeam Corporation*, No. 14-24887-MC-Seitz/Turnoff, 2016 WL 3866561, * at 2 (S.D. Fla. July 13, 2016). This includes when an applicant brings a Section 1782 request prematurely—before the foreign tribunal has had any opportunity to rule on the requested discovery. *Alves Braga*, 789 F. Supp. 2d at 1307 (citation omitted). If a Court doubts that a proceeding is forthcoming, or suspects that the application is a fishing expedition, the Court should deny or stay the request. *Kivisto*, 521 Fed. Appx. at 888 (quotation omitted).

Here, application of these factors supports the issuance of a stay, pending (at a minimum) the resolution of the State Court Litigation. Considerations of fairness to the litigants include deference to the order in which suits were filed, the convenience of the forums, and the possibility of prejudice. *Alves Braga,* 789 F. Supp. 2d at 1309. Caraballo first instituted the State Court Litigation. He has not – and cannot – demonstrate any legitimate reason for additional vehicles for discovery to be implemented before the final resolution of the pending State Court Litigation. This is especially the case because Caraballo explicitly argued the position that Panama is not an adequate alternative forum, proving that Caraballo has no real intent to bring proceedings in Panama– let alone within a reasonable time. Indeed, given his own position on the filing of Panamanian proceedings, Caraballo is not prejudiced from a corresponding stay in discovery pursuing to Section 1782.

Considerations of judicial efficiency also support a stay. Among other issues, the desire to avoid piecemeal litigation should be paramount. A stay of the discovery will allow Caraballo's pending appeal in the State Court Litigation to run its course, and will provide Caraballo a full opportunity either to pursue litigation in Florida State Court if, in fact, he prevails on appeal, or to demonstrate whether he actually intends to initiate litigation in Panama. In the meantime, a stay ensures that Caraballo is not permitted to conduct discovery in bad faith, without a real intent to sue in Panama. It will further ensure that he cannot "jump the gun on discovery in the underlying foreign suit." *Norex Petroleum Ltd. v. Chubb Ins. Co.*, 348 F. Supp. 2d 45, 54 (D.D.C. 2005).

**B.   A Stay Is Warranted under the *Colorado River* Doctrine As Well.**

It is well-settled that "[t]he *Colorado River* doctrine of 'exceptional circumstances' authorizes a federal 'district court to dismiss or stay an action when there is a parallel action in state court.'" *Popescu v. JP Morgan Chase & Co.*, No. 12-80851-CIV, 2013 WL 5535867, at *1

(S.D. Fla. Oct. 7, 2013) (quoting *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004)). The doctrine "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Popescu*, 2013 WL 5535867 at *1 (internal quotations omitted). The "threshold" question is "whether the state and federal actions involve substantially the same parties and substantially the same issues." *Id*. In other words, for the doctrine to apply, "[i]dentical parties, issues, and requests for relief" are not required. *Brown v. Blue Cross & Blue Shield of Florida, Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *7 (S.D. Fla. Aug. 8, 2011), aff'd 456 F. App'x 854 (11th Cir. 2012).

 Here, the threshold test is met because the parties, theories, claims, allegations, evidence, counsel, and redress sought, are the same or virtually the same in both cases. Caraballo is litigating in both cases, the same claims based on the same evidence in almost exactly verbatim terms. In effect, the present case is simply a vehicle for conducting identical discovery that was sought, prior to Judge Smith's dismissal, in the State Court Litigation. Very few cases could share more substantial similarity than these. *See Popescu*, 2013 WL 5535867 at *2 (finding substantial similarity even when parties were not identical and issues were raised as affirmative defenses in one action and as causes of action in another); *see also Sini v. Citibank, N.A.*, 990 F. Supp.2d 1370, 1376 (S.D. Fla. 2014) ("[t]he crucial question is whether the similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.") (internal quotation omitted).

 The following six factors guide the Court's inquiry: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in

which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *Moorer*, 374 F.3d at 997 (internal quotations and citations omitted). The Supreme Court has emphasized that the ultimate analysis "does not rest on a mechanical checklist, but on a careful balancing of the important factors in a given case." *Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). But "[o]ne factor alone can be the sole motivating reason for the abstention," *Moorer*, 374 F.3d at 997, and in *Colorado River*, "[b]y far the most important factor" in the Court's analysis was the "**avoidance of piecemeal adjudication**." *Cone*, 460 U.S. at 16. (emphasis added).

The *Colorado River* factors strongly favor abstention.

### i. A Stay Will Prevent Piecemeal Litigation.

As argued above, a stay will prevent piecemeal litigation. A single judge presiding over Caraballo's cases would be able to guard against inefficiency and inconsistency. In fact, "courts of this Circuit have found that abstention is warranted when 'identical litigation' is filed in state and federal courts, requiring duplication of resources and potentially conflicting decisions based on the same evidence." *Sini*, 990 F. Supp.2d at 1378 (citing cases); *see also Bosdorf v. Beach*, 79 F. Supp.2d 1337, 1344 (S.D. Fla. 1999) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."); *Sides v. Simmons*, 2007 WL 3344405, *3 (S.D. Fla. 2007) (abstention is warranted when duplicate litigation "will require twice the resources…[t]his is unnecessary and excessive").

Here, wasteful duplication of resources is only part of the problem: Caraballo's duplication opens the door for conflicting results, as Caraballo now seeks to pursue discovery

that was already narrowed, limited, and produced in the State Court Litigation. The logical approach here is for this Court to stay discovery.

### ii. The State Court Obtained Jurisdiction First.

The prior-commenced State Court Litigation weighs in favor of abstention. *See Sides*, 2007 WL 3344405 at *8. Caraballo continues to pursue his appeal in State Court. By filing a Section 1782 Application for discovery, and simultaneously appealing in State Court, Caraballo is forum shopping for discovery by attempting to pursue a federal vehicle for discovery along with his State Court Litigation. *Colorado River* is in large part designed to deter such forum shopping. *Sides*, 2007 WL 3344405 at *4 ("to permit both state and federal suits to go forward would lead to forum shopping by encouraging Plaintiff to simply chose a second court if he becomes unhappy with the first."). Under these circumstances, a stay is appropriate.

### iii. The State Court is Adequate to Protect the Parties' Rights.

Caraballo's counsel must concede that the state court is adequate, having chosen that forum to bring his claims and by continuing with his appeal before the Third District Court of Appeal. *See Allied Mach. Serv.*, 841 F. Supp. 406, 410 (S.D. Fla. 1993) ("Plaintiff apparently thought that state court could sufficiently protect its interests when it filed its initial action there."); *see also Sides*, 2007 WL 3344405 at *4 ("Since Plaintiff chose to first bring those claims in state court, this Court must honor that choice and let the state court adjudicate those claims.").

The Court should therefore decline counsel's invitation to participate in competing adjudications of identical issues, and should stay this action pending the outcome of the State Court Litigation – and the actual initiation by Caraballo of proceedings in Panama.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

## V.     THE DISCOVERY SHOULD BE LIMITED.

Should the Court deny the Respondent's requests to vacate the Order and to stay discovery, in the alternative, the Respondent moves for the entry of a protective order narrowing the scope of requested discovery and limiting the extent of the requested discovery.

The Eleventh Circuit has held that Section 1782 "does not preclude, as a matter of law the use of evidence procured pursuant to it in subsequent United States Civil litigation." *Glock v. Glock, Inc*. 797 F.3d 1002, 1010 (11th Cir. 2015). Darmiven suspects that Caraballo seeks to obtain evidence under Section 1782 with the intention of using it on appeal before the Third District Court of Appeal. A protective order is appropriate to ensure that Caraballo is precluded from turning his Application into an impermissible discovery vehicle for the State Court Litigation.

Discovery sought under section 1782 must comply with the Federal Rules of Civil Procedure. *Clerici*, 481 F.3d 1336 ("Once discovery is authorized under [Section] 1782, the federal discovery rules…contain the relevant practices and procedures for the taking of testimony and the production of documents."); *see also In re Application of PQ Corp. For Ex Parte Order to Obtain Discovery For Use in Foreign Proceeding*s, No. 6:13-MC-9-ORL-36KRS, 2013 WL 3270407, at *6 (M.D. Fla. June 26, 2013). In *PQ Corp.,* the district court, agreeing with the magistrate, found the requests for production that were attached to the Section 1782 Application for discovery did not to comply with the Federal Rules of Civil Procedure and ordered more narrowly tailored request be propounded. *Id*. at 7-8. Specifically, the court found the applicant's discovery request to be sweeping in subject matter and time. *Id*.

Caraballo's subpoena propounding requests for discovery are overbroad and unduly burdensome.[2]  With respect to the subpoenas for deposition, Caraballo has served a deposition subpoena on a designated representative of Darmiven, pursuant to Fed. R. Civ. P. 30(b)(6). The designated matters generally cover the Accounts, as well as the operation, control, use, enjoyment and maintenance of the Airplane.  In addition to the broadly worded Rule 30(b)(6) request, Caraballo has also served subpoenas for deposition on three individuals associated with Darmiven. There is no need or basis for these duplicative individual subpoenas. *See PQ Corp.*, 2013 WL 3270407, at *4-5.

Caraballo's propounded subpoenas, just like the ones in *PQ Corp.*, to Darmiven are sweeping in subject matter and time. *Compare Consorcio*, 685 F.3d at 999 (every request in the subpoena limited the requests to the contract at issue). Even a cursory review of the requests on the third page of Caraballo's request for production shows extremely broad requests. Request 1 appears to ask for "all documents and other records that pertain to" the Airplane. Asking for everything "pertain[ing] to" a given lawsuit is not adequately specific. Similarly, Request 2 asks for all communications, regardless of subject matter between three individuals and Darmiven's employees. The discovery, including depositions, should be reasonably tailored to the specific foreign proceedings Caraballo contemplates. *See PQ Corp.*, 2013 WL 3270407, at * 6-7. Multiple, duplicative depositions are unwarranted in this regard.

## CONCLUSION

For the foregoing reasons, the Respondent respectfully requests that the Order granting the Application be vacated or stayed, pending the conclusion of the prior, pending State Court

---

[2] Darmiven is also serving herewith an objection to the Request, further detailing its objections (Exhibit "H" hereto)

Litigation. Alternatively, a protective order should be entered narrowing the scope and use of the requested discovery.

Respectfully submitted,

By: <u>/s/ *Kevin C. Kaplan*</u>
Kevin C. Kaplan, Esq. – Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
*Counsel for Respondent*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on <u>June 13, 2017</u>, on all counsel or parties of record on the Service List below.

<u>/s/ *Kevin C. Kaplan*</u>
Kevin C. Kaplan

**SERVICE LIST**
*In re: Darmiven, Inc.*
**Case No. 1:17-MC-21517**

| |  |
|---|---|
| **Harout Jack Samra, Esq.**<br>Harout.Samra@dlapiper.com<br>**Ryan O'Quinn, Esq.**<br>Ryan.OQuinn@dlapiper.com<br>DLA PIPER LLP (US)<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 423-8500<br>Facsimile:  (305) 437-8131<br><br>*Attorneys for Applicant Armando de Armas* | |

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261