# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

ARMANDO DE ARMAS CARABALLO,

           Plaintiff,

v.

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN
ANTONIO DE ARMAS SILVA,
ANDRES DE ARMAS SILVA,

           Defendants.

_____/

General Jurisdiction Division
CASE NO. 16-1033 CA 01

## NOTICE OF FILING AFFIDAVIT AND RETURN OF SERVICE

Plaintiff, ARMANDO DE ARMAS CARABALLO ("Plaintiff" or "Armando"), hereby files the *Affidavit and Return of Service* ("Affidavit") a copy of which is attached hereto as Annex A.

The attached Affidavit certifies that on August 5, 2016 service of the *Summons* and *Complaint for Damages, Equitable Relief and Demand for Jury Trial* (the "Court Documents") along with certified Spanish translations of the Court Documents were served on Defendants Jerome International S.A. and Marand Re S.A.

Dated: August 29, 2016                    Respectfully submitted,

                                          **DLA PIPER LLP (US)**

                                          By: __s/ Harout Jack Samra_____
                                                Michael G. Austin
                                                Florida Bar No. 0457205
                                                *Michael.Austin@dlapiper.com*
                                                Harout Jack Samra
                                                Florida Bar No. 70523
                                                *Harout.Samra@dlapiper.com*
                                                200 S. Biscayne Blvd., Suite 2500
                                                Miami, FL 33131
                                                305-423-8500 Telephone
                                                305-437-8131 Facsimile

                                                *Counsel for Plaintiff*
                                                *Armando de Armas Caraballo*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

by the Florida Courts Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 29th day of August,

2016, on the following:

>     Robert K. Burlington, Esq.
>     Kevin C. Kaplan, Esq.
>     Coffey Burlington
>     2601 South Bayshore Drive, Penthouse
>     Miami, FL 33133
>     Tel.: 305-858-2900
>     Fax: 305-858-5261
>     rburlington@coffeyburlington.com
>     kkaplan@coffeyburlington.com
>     *Counsel for Defendants*

>     By:   s/ Harout Jack Samra
>           Harout Jack Samra, Esq.

# Annex A

### AFFIDAVIT
### AND RETURN OF SERVICE

I, Martharine B. Bolobsoki Laiz, female of legal age, bearer of personal identification card No. 8-811-886, with admittance No. 14172, attorney for the law firm Quijano & Associates, on the 5th day of August 2016, in Panama City, Republic of Panama, I hereby swear and after being duly sworn, I declare as follows:

1. I am a practicing attorney in the law firm of Quijano & Associates, located in the Salduba Building, Third Floor, East 53rd Street, Marbella, Panama City, Republic of Panama.

2. I am an officer authorized to serve process under the laws of the Republic of Panama.

3. DLA PIPER LLP (US) of 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131, United States of America, acting in the name and on behalf of ARMANDO DE ARMAS CARABALLO requested service of the original Summons and Complaint for Damages, Equitable Relief and Demand for Jury Trial related to above-captioned matter (collectively, the "Court Documents", and attached hereto as Composite Exhibit "A") to the Panamanian registered corporations styled "JEROME INTERNATIONAL S.A." and "MARAND RE S.A."

4. I received the Court Documents on July 22, 2016 at 11:17 AM.

5. According to official records in the Panama Public Registry Office, the Registered Resident Agent of the corporations JEROME INTERNATIONAL S.A. and MARAND RE S.A. (the "Corporate Defendants") is the law firm of Arias, Fabrega & Fabrega, formerly located at the Plaza Bancomer Building, 16th Floor, 50th Street, Panama City, Republic of Panama, and with current address at West Boulevard, Santa Maria Business District, floor 9 and 10, Panama City.

6. At 10:45 a.m. on August 5, 2016, I personally served the Court Documents on "JEROME INTERNATIONAL S.A." and "MARAND RE S.A." by hand-delivering them to Zaira Carvajal, a receptionist and employee of Arias, Fabrega & Fabrega, as registered agent, at the reception desk of Arias, Fabrega & Fabrega's offices.

7. Claudio de Castro, an attorney with Arias, Fabrega & Fabrega, was also present at the reception desk with Ms. Carvajal at the time of service.

8. At the time of service mentioned above, I, the undersigned, was over the age of twenty-one (21) and was not a party to the action referred to hereinabove.

Sworn in Panama City, Republic of Panama on this fifteenth (16th) day of the month of August in the year two thousand sixteen (2016).

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

_____
Maritzemia A. Bolobsoki Laiz

Before me,

_____
Jaime E. Sánchez R.

Yo, LIC. RAÚL IVÁN CASTILLO SANJUR, Notario
Público Décimo del Circuito de Panamá, con Cédula
No. 4-157-725
CERTIFICO
Que dada la certeza de la identidad de la (s)
personas (s) que firma (firmaron) el presente
documento, su (s) firma (s) es (son) auténtica (s)
(Art. 1736 C.C. Art. 835 C.J.) En virtud de Identificación
que se me presentó 16 AGO. 2016

Panamá
Testigos                    Testigos

LIC. RAÚL IVÁN CASTILLO SANJUR
Notario Público Décimo

APOSTILLE
Convention de La Haye du 5 octobre 1961

1 País: PANAMÁ
2 presente documento Público
2 Ha sido firmado por _____ Raúl Ivan Castillo
3 quién actúa en calidad de: _____ notario
4 y está revestido del sello/timbre de: _____ Notaria Decima

CERTIFICADO   1 6 AGO 2016
5 EN PANAMÁ    6. el _____
7 POR DIRECCIÓN ADMINISTRATIVA
8 Bajo el numero: 2016- 39 120
9 Timbre _____ 10 Firma _____

Esta Autorización no
implica responsabilidad
cuanto al contenido
del documento

REPÚBLICA de PANAMA
* TIMBRE NACIONAL *
B/. 2010.00
P.B. 1031

1 9 2
6 8 8
1 1 4 8

1 6
0 8
1 6

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

ARMANDO DE ARMAS CARABALLO;

        Plaintiff;

    v.                            CASE NO. 2016-001033-CA-01

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

        Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE**

    **YOU ARE COMMANDED** to serve this Summons and copy of the complaint in this lawsuit on Defendant:

JEROME INTERNATIONAL S.A.
Plaza Bancomer Building, 50th Street
Panama City, Republic of Panama

Dated: _____MAY 2 6 2016_____

CLERK OF THE CIRCUIT COURT

HARVEY RUVIN
As Clerk of the Court

Nombre: *Erica Carrajal*
Cargo: *Recepcionista*
Fecha: *5-8-16*
Hora: *10:45 AM.*

By _____ As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff's attorney named below:

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dated: May 26, 2016

**DLA PIPER LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131


By: ___s/ Harout Jack Samra_____ _____
     MICHAEL G. AUSTIN
     Florida Bar No. 0457205
     Michael.Austin@dlapiper.com
     HAROUT JACK SAMRA
     Florida Bar No. 70523
     Harout.Samra@dlapiper.com

     *Attorneys for Plaintiff*
     *Armando de Armas*

EN EL TRIBUNAL DEL DISTRITO DEL DÉCIMO PRIMER DISTRITO JUDICIAL
EN Y PARA EL CONDADO DE MIAMI-DADE
DIVISIÓN DE JURISDICCIÓN GENERAL

ARMANDO DE ARMAS CARABALLO;

       Demandante;

contra                                 CASO n.º 2016-001033-CA-01


JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

       Demandados.

_____/

### ORDEN DE COMPARECENCIA PARA UNA ACCIÓN CIVIL

**EL ESTADO DE FLORIDA**
**A TODOS LOS ALGUACILES DEL ESTADO:**

   **POR MEDIO DE LA PRESENTE SE LES ORDENA** entregar la presente Notificación y una copia de la demanda pertinente a la parte Demandada:

JEROME INTERNATIONAL S.A.
Plaza Bancomer Building, 50th Street
Ciudad de Panamá, República de Panamá


Fecha: [Sello:] 26 MAYO 2016             ACTUARIO DEL JUZGADO DEL DISTRITO


                                    HARVEY RUVIN
                                    Actuario del Juzgado


                                    [Sello redondo en tinta roja:] JUZGADOS DEL DISTRITO
                                    Y DEL CONDADO – CONDADO DE MIAMI-DADE


                                    Por: [Firma ilegible] 3130 [Ilegible]
                                        Actuario Delegado Judicial

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff s attorney named below:

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como ''Plaintiff/Plaintiff s Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci- jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nominees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. II y a d'autres obligations juridiques et vous pouvez requerir les services immediats dTm avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d[4] assistance juridique (figurant a l'annuaire de telephones).

    Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff s Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Fecha: 26 de mayo de 2016

                             **DLA PIPER LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Teléfono: (305) 423-8500
Fax: (305) 437-8131

Por: _Harout Jack Samra_
MICHAEL G. AUSTIN
Número de registro en el Colegio de Abogados de Florida: 0457205
Michael.Austin@dlapiper.com
HAROUT JACK SAMRA
Número de registro en el Colegio de Abogados de Florida: 70523
Harout.Samra@dlapiper.com

*Abogados del Demandante*
*Armando de Armas*



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY  10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of New York**
**State of New York**

Date: June 8, 2016

To whom it may concern:

This is to certify that the attached translation from English into Spanish is an accurate representation of the documents received by this office.

The documents are designated as:

- DLA-2010607-1 Jerome

David Wettenstein, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of David Wettenstein

Accurate Translation Services 24/7

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

ARMANDO DE ARMAS CARABALLO;

        Plaintiff;

    v.                           CASE NO. _____

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

        Defendants.

_____/

**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff, ARMANDO DE ARMAS CARABALLO ("Plaintiff" or "Armando"), hereby sues Defendants, MARTIN ANTONIO DE ARMAS SILVA ("Martin"), and ANDRES DE ARMAS SILVA ("Andres") (collectively, Martin and Andres are referred to as the "Individual Defendants"), JEROME INTERNATIONAL S.A. ("Jerome"), MARAND RE S.A. ("Marand") (collectively, all named defendants are referred to as "Defendants"), and states as follows:

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.     This dispute arises from Defendants' on-going wrongful actions relating to efforts to deprive Plaintiff of his rights and interests to certain funds which are currently maintained by the Jerome and Marand entities in accounts at Northern Trust in Miami-Dade County, Florida (the "Northern Trust Accounts").

2.     As further alleged herein, despite Plaintiff's beneficial interest and right to 1/3 of the monies and funds held in the Northern Trust Accounts, the Individual Defendants are currently engaged in a pattern of violating their legal obligations and fiduciary duties owed to

1

Plaintiff by, among other things, failing to properly distribute and account for the monies held in the Northern Trust Accounts.

3.     This is an action for damages in an amount greater than fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees, and thus, is within the jurisdictional limits of this Court.   Plaintiff also seeks declaratory and supplemental relief pursuant to Fla. Stat. § 86.011, § 86.021, and § 86.061, over which this Court has jurisdiction.

4.     Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. §§ 47.011, 47.041, and 47.051, because the causes of actions alleged herein accrued in this county, the Defendants reside or maintain offices, and the property in litigation is located in Miami-Dade County, Florida.

5.     This Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. §§ 48.193 (1)(a) and (2) because, among other things, the Defendants are engaged in substantial and not isolated activities within Florida, committed a tortious act within the State, and operate, conduct, engage in, and carry on business operations within the State of Florida out of which this action arises.

6.     All conditions precedent to bringing this action, if any, have occurred or have been excused or waived.

## PARTIES

7.     Plaintiff Armando de Armas Caraballo is a resident of Caracas, Venezuela, is over the age of 18, and is otherwise *sui juris*.  Plaintiff, directly and/or through a holding company, is the owner of a one-third (1/3) interest in the Jerome and Marand entities, and Plaintiff has a beneficial interest and right to one-third (1/3) of monies and funds held in the Northern Trust Accounts.

2

8.      Defendant Martin is a resident of Caracas, Venezuela, is over the age of 18, and is otherwise *sui juris*. At all times material to the Complaint, Martin, directly and/or through a holding company, has beneficially owned and controlled a one-third (1/3) interests in Jerome and Marand entities.

9.      Defendant Andres is a resident of Miami-Dade County, Florida, is over the age of 18, and is otherwise *sui juris*. At all times material to the Complaint, Andres, directly and/or through a holding company, has beneficially owned and controlled a one-third (1/3) interest in Jerome and Marand, entities.

10.     Defendant Jerome is a Panamanian company that is utilized by Armando, Andres and Martin as a holding company to maintain certain bank accounts, including the Northern Trust Account, in Miami-Dade County, Florida.

11.     Defendant Marand is a Panamanian company that is utilized by Armando, Andres and Martin as a holding company to maintain certain bank accounts, including the Northern Trust Account, in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

12.     In or around June of 2001, the Jerome and Marand entities were created and formed as holding companies for the purpose of investing and holding certain funds in the United States for the benefit of the 1/3 interest holders and owners.

13.     The Jerome and Marand entities established the Northern Trust Accounts in Miami-Dade County, Florida, and the 1/3 interest holders and owners contributed substantial funds and monies to each of the Northern Trust Accounts.

14.     In connection with the use of the Jerome and Marand entities as holding companies, the 1/3 interest holders and owners agreed and understood that each of them would

have a direct beneficial interest and right to 1/3 of the funds being held in the accounts established by the Jerome and Marand entities, and that upon request, each of them would have the right to receive prompt distribution of his 1/3 share of monies held in any of the companies' accounts.

15.     Upon information and belief, the Northern Trust Accounts for the Jerome and Marand entities currently have approximately US$10 million deposited in such accounts.

16.     As alleged above, Plaintiff and the Individual Defendants each beneficially owns 1/3 interests in the Jerome and Marand entities, and they each have a direct beneficial interest and right to 1/3 of the funds held in the Northern Trust Accounts.

17.     In light of the parties' agreement and understanding regarding their respective rights to 1/3 of the funds held in Jerome and Marand accounts, trust was reposed by Plaintiff in Martin and Andres to act as fiduciaries with respect to such accounts and to have signing authority for the Northern Trust Accounts.

18.     The Individual Defendants understood and accepted the trust that had been reposed in them as fiduciaries, and they were obligated to act as fiduciaries and in good faith with respect to the Northern Trust Accounts.

19.     As such, only the two Individual Defendants and a third individual, Carlos Obregon, have signing authority for the Northern Trust Accounts, and Plaintiff relied upon them to act in good faith and to comply fully with their fiduciary obligations.

20.     In mid-2015, Plaintiff requested that the Individual Defendants provide him with information regarding the Jerome and Marand entities' financial condition and the status of the Northern Trust Accounts.

21.     After the Individual Defendants refused to provide this information, Plaintiff requested signing authority over the Northern Trust Accounts.

22.     In August 2015, after the Individual Defendants refused Plaintiff's requests for information or signing authority, and consistent with the parties' agreement and understanding, Plaintiff subsequently decided to exercise his right to withdraw the funds to which he was entitled from the Northern Trust Accounts.

23.     To this end, in August 2015, Plaintiff and his representatives met with the Individual Defendants and formally requested the distribution of Plaintiff's 1/3 portion of the funds being held in the Northern Trust Accounts (the "August 2015 Meeting").

24.     While the Individual Defendants failed to distribute the full amount of Plaintiff's 1/3 interest in the Northern Trust Accounts, they acknowledged Plaintiff's right to the funds by distributing US$650,000 to Plaintiff by wire transfer in partial performance of Plaintiff's August 2015 demand.

25.     After the August 2015 Meeting and request, Plaintiff, his representatives, and the Individual Defendants continued to discuss the matter and held an additional meeting in November 2015 at Northern Trust in Miami, Florida, to discuss the Jerome and Marand entities and the distribution of Plaintiff's funds held in the Northern Trust Accounts.

26.     During this meeting at Northern Trust, contrary to their fiduciary and legal obligations, the Individual Defendants declined to agree to distribute Plaintiff's 1/3 portion of the funds held in the Northern Trust Accounts, but stated that they would consider it and advise at a later point.

27.    Despite their agreement, representations and fiduciary obligations, the Individual Defendants have failed to execute the required distribution of funds from the Northern Trust Accounts to Plaintiff, and to date have not provided any reasons for their wrongful refusals.

28.    The Individual Defendants are acting in bad faith and have breached their fiduciary obligations and legal obligations, and their actions are causing substantial irreparable harm and damage to Plaintiff.

29.    The Individual Defendants have failed to respond to subsequent and numerous attempts by Plaintiff and his representatives to contact them.

30.    Plaintiff has been forced to engage undersigned counsel and to incur attorneys' fees in connection with this action.

## COUNT I

### BREACH OF FIDUCIARY DUTY
**Against the Individual Defendants**

31.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

32.    As alleged above, Plaintiff reposed trust and confidence in the Individual Defendants who undertook such trust and have assumed a duty to protect Plaintiff, and Individual Defendants assumed and are charged with fiduciary duties towards Plaintiff, in relation to the management and use of the Northern Trust Accounts maintained by Jerome and Marand.

33.    As a fiduciary to Plaintiff, the Individual Defendants are required to act with a duty of care and in his best interests, and not to use their roles for their own personal gain and self-interest.

6

34.     The Individual Defendants have a duty of care to refrain from engaging in grossly negligent or reckless conduct, and intentional misconduct which negatively impacts Plaintiff.

35.     The Individual Defendants have the duty to discharge their responsibilities consistently with the obligation of good faith and fair dealing.

36.     The Individual Defendants deliberately and without justification or authority, improperly and wrongfully breached their fiduciary duties by, among other things: (i) improperly failing and refusing to distribute Plaintiff's 1/3 portion of the funds held in the Northern Trust Accounts to Plaintiff; (ii) improperly concealing and failing to disclose the financial condition of Jerome and Marand, and the Northern Trust Accounts; (iii) purposefully impeding and delaying the return of Plaintiff's 1/3 portion of the funds in the Jerome and Marand Northern Trust Accounts; (iv) acting in a manner detrimental to Plaintiff and caused Plaintiff monetary loss and harm; and (v) engaging in other self-serving, disloyal and improper conduct.

37.     The Individual Defendants' multiple breaches of their fiduciary duties have caused substantial injury and damage to Plaintiff, and Plaintiff has suffered damage as a proximate result of the Individual Defendants' multiple breaches of the fiduciary duties owed to Plaintiff.

38.     The actions of the Individual Defendants against Plaintiff have been willful, wanton, malicious, and performed with reckless disregard.

**WHEREFORE**, Plaintiff demands judgment against the Individual Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

## COUNT II

### PROMISSORY ESTOPPEL
### Against the Individual Defendants

39.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as fully set forth herein.

40.     As alleged above, the Individual Defendants made material representations and promises to Plaintiff concerning his rights and the distribution of his 1/3 interest in the funds held in the Jerome and Marand Northern Trust Accounts.

41.     The Individual Defendants represented and promised that upon request, each of the 1/3 owners, including Plaintiff, would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

42.     Contrary to their representations and promises, the Individual Defendants have now refused to comply with their promises and representations and are attempting to renege upon these prior representations and agreements so that they can attempt to misuse and exercise control over all of the funds in the Northern Trust Accounts, including the funds to which Plaintiff is entitled.

43.     Plaintiff reasonably and detrimentally relied on the Individual Defendants' multiple promises and misrepresentations of fact and pattern of material omissions by, among other things, allowing the Individual Defendants to have access to Plaintiff's funds in the Northern Trust Accounts, and allowing the Individual Defendants to hinder and delay Plaintiff's use of his funds which are held by Jerome and Marand in the Northern Trust Accounts.

44.     Plaintiff reasonable relied on the Individual Defendants' representations and promises, and expected the Individual Defendants to comply with their promises and take the above actions to promptly return his 1/3 portion of the funds in the Northern Trust Accounts.

8

45.     Injustice can be avoided only by the enforcement of the representations and promises against the Individual Defendants.

46.     Because the Individual Defendants did not honor their representations and promises, Plaintiff has suffered substantial harm and damages caused by the Individual Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

**COUNT III**

**<u>CONSTRUCTIVE TRUST</u>**
**Against the Individual Defendants**

47.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

48.     In connection with the use of the Jerome and Marand entities as holding companies, the owners and interest holders in the companies agreed and understood that each of the 1/3 owners would have a direct beneficial interest and right to 1/3 of the funds being held in the bank accounts established by the Jerome and Marand entities, and that upon request, each of the 1/3 owners would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

49.     The Individual Defendants represented and promised that upon request, each of the 1/3 owners, including Plaintiff, would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

9

50.     Plaintiff relied upon the Individual Defendants' representations and promises in connection with the 1/3 portion of his funds which are maintained in the Jerome and Marand Northern Trust Accounts, and upon which the Individual Defendants attempting to exert control.

51.     A confidential relationship exists between Plaintiff and the Individual Defendants.

52.     The circumstances render the Individual Defendants' retention of Plaintiff's interests in Jerome and Marand inequitable.

53.     Defendants have been unjustly enriched at the expense of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

**COUNT IV**

**<u>DECLARATORY AND SUPPLEMENTAL EQUITABLE RELIEF</u>**
**Against the All Defendants**

54.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

55.     This is an action for declaratory and supplemental relief pursuant to Chapter 86, Florida Statutes.

56.     Based upon the facts alleged above, and because of the present dispute between Plaintiff and Defendants, there is a bona fide, actual, present practical need for judicial declaration of the parties' respective rights and obligations.

57.     Plaintiff seeks a judicial declaration regarding his rights and interests in connection with the Northern Trust Accounts, and a judicial declaration that he is entitled to the return of his 1/3 portion of the funds held in the Jerome and Marand Northern Trust Accounts.

58.     Plaintiff is in doubt as to his rights and is directly and materially affected by the conduct complained of herein.

59.     The declarations sought herein deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

60.     Plaintiff's rights are dependent upon the facts or the law applicable to the facts.

61.     Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter.

62.     The antagonistic and adverse interests are all before the court by proper process and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.  Plaintiff is not seeking to obtain advice or legal opinions.

63.     As the necessary elements identified in the Declaratory Judgment Act have been met, the Court may hear this matter under the Declaratory Judgment Act and provide the requested relief.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendants declaring the following: (a) that Plaintiff is entitled to the return of his 1/3 portion of the funds in the Northern Trust Accounts held by Jerome and Marand; (b) ordering Defendants to take all necessary steps to execute the return of Plaintiff's interests in the Northern Trust Accounts held by Jerome and Marand; and (d) that Plaintiff be provided with supplemental relief and such other and further relief as this Court deems just.

## COUNT V

### <u>CIVIL CONSPIRACY</u>
**Against the Individual Defendants**

64.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

65.     The Individual Defendants entered into an agreement and conspiracy with each other in order to perform unlawful acts and/or lawful acts by unlawful means with respect to their effort to deprive Plaintiff of his 1/3 interest in the funds held in the Jerome and Marand Northern Trust Accounts, and to interfere with Plaintiff's rights and interests in connection with Jerome and Marand holding companies.

66.     The Individual Defendants have taken multiple overt acts to further this conspiracy, including but not limited to: (i) engaging in improper and concerted efforts to wrongfully retain Plaintiff's portion of Jerome's and Marand's funds held in the Northern Trust Accounts to advance their own self-interests and unjustly obtain financial benefits for themselves; (ii) engaging in improper and concerted efforts to interfere with Plaintiff's ownership of those interests; (iii) making misleading and false representations to the Plaintiff; and (iv) engaging in a concerted effort to intentionally interfere with Plaintiff's business interests.

67.     Such conspiracy and agreement was intended to permit and facilitate the Individual Defendants' wrongful conduct, including the breach of their fiduciary duties and other improper, unlawful and unfair business practices against Plaintiff.

68.     The Individual Defendants' conspiracy is based upon multiple actionable underlying wrongs, including but not limited to breach of their fiduciary duties and legal obligations.

69.     Additionally, by virtue of their combination, the Individual Defendants possess and have a peculiar power of coercion, which an individual acting alone does not possess, and which provides an alternative and independent basis for a civil conspiracy claim.

12

70.     The concerted nature of the Individual Defendants' actions are causing damage to Plaintiff.

71.     As part of the conspiracy, each of the Individual Defendants conspired and acted for their own personal gain and in their own self-interest in connection with the object of their conspiracy, wrongfully seizing control of Jerome's and Marand's assets.

72.     The Individual Defendants have acted intentionally, maliciously and wantonly in connection with the actions taken against Plaintiff.

73.     Plaintiff has been damaged as a result of the acts performed pursuant to Defendants' conspiracy.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and the Individual Defendants for: (i) an award to Plaintiff of all damages incurred as a result of the Individual Defendants' conduct; (ii) an award to Plaintiff of pre-judgment and post-judgment interest on all monetary amounts; (iii) Plaintiff reserves the right to seek leave to further amend the complaint to add a request for punitive damages pursuant Fla. Stat. § 768.72; and (iv) for such other and further relief as this Court deems appropriate.

## COUNT VI

### ACCOUNTING
**Against the Individual Defendants**

74.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

75.     As sole administrators of the Northern Trust Accounts, the Individual Defendants assume and are charged with fiduciary duties towards Plaintiff as a minority shareholder in the Jerome and Marand entities.

76.     The Individual Defendants owed a fiduciary duty to the Plaintiff, and the Controlling Defendants were responsible for dutifully handling the day to day accounting of the Jerome and Marand entities; handling the Jerome and Marand entities' bank accounts, including the Northern Trust Accounts; and ensuring that Plaintiff received all of the monies from the Jerome and Marand entities that he was rightfully entitled to receive.

77.     The Individual Defendants have breached their fiduciary duties.

78.     Plaintiff has a clear legal right to recover for the damage and loss caused by Individual Defendants' breaches of their fiduciary duties.

79.     As a result of the Individual Defendants' breach of their fiduciary duties, it is difficult, if not impossible for Plaintiff to obtain a full and complete recovery of her losses without first obtaining an accounting from the Jerome and Marand entities and the Individual Defendants for all loss and damage caused by the Individual Defendants' breaches of their fiduciary duties.

80.     Accordingly, legal remedies are inadequate to redress effectively the Individual Defendants' breaches of their fiduciary duties to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court order that the Individual Defendants provide an accounting to Plaintiff for all operations of the Jerome and Marand entities and for all loss and damage caused by the Individual Defendants' actions, and for such other and further relief as this Court deems appropriate.

## JURY DEMAND

81.    Plaintiff demands a trial by jury on all issues so triable.


January 14, 2016                          Respectfully submitted,

                                          **DLA PIPER LLP**
                                          200 South Biscayne Boulevard, Suite 2500
                                          Miami, Florida 33131
                                          Telephone: (305) 423-8500
                                          Facsimile: (305) 437-8131


                                          By:  */s/ Harout Jack Samra*
                                                MICHAEL G. AUSTIN
                                                Florida Bar No. 0457205
                                                Michael.Austin@dlapiper.com
                                                HAROUT JACK SAMRA
                                                Florida Bar No. 70523
                                                Harout.Samra@dlapiper.com

                                                *Attorneys for Plaintiff*
                                                *Armando de Armas*

15

Filing # 36600019 E-Filed 01/14/2016 06:34:25 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Armando de Armas Caraballo</u>
 Plaintiff

        vs.

<u>Martin Antonio de Armas Silva, Andres de Armas Silva, Jerome International S.A., Marand Re S.A.</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☒ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☐  Non-monetary
    ☒  Non-monetary declaratory or injunctive relief;
    ☐  Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

<u>6</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Harout Jack Samra</u>        FL Bar No.: <u>70523</u>
     Attorney or party                                          (Bar number, if attorney)

<u>Harout Jack Samra</u>     <u>01/14/2016</u>
    (Type or print name)                              Date

N. ° de presentación 36600019 Presentado por vía electrónica 14/01/2016 06:34:25
PM

EN LA CORTE DE CIRCUITO DEL UNDÉCIMO CIRCUITO
JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE,
FLORIDA
SALA DE COMPETENCIA GENERAL

ARMANDO DE ARMAS CARABALLO;

    Demandante

  contra               N. ° de CASO _____

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN
ANTONIO DE ARMAS SILVA,
ANDRES DE ARMAS SILVA;

    Demandados.
_____ /

1

**DEMANDA POR DAÑOS Y PERJUICIOS,
INDEMNIZACIÓN JUSTA <u>Y
SOLICITUD DE JUICIO POR
JURADO</u>**

El Demandante, ARMANDO DE ARMAS CARABALLO ("Demandante" o

"Armando"),  en la presente demanda a MARTIN ANTONIO DE ARMAS SILVA

("Martin") y a ANDRES DE ARMAS SILVA ("Andres"), los Demandados (de forma

colectiva, Martin y Andres en lo sucesivo conocidos como los "Demandados

individuales"), JEROME INTERNATIONAL S.A. ("Jerome"), MARAND RE S.A.

("Marand")

(de forma colectiva, todos los demandados mencionados en lo sucesivo conocidos
como "Demandados") y establece lo siguiente:

<u>NATURALEZA DE LA ACCIÓN, COMPETENCIA Y
JURISDICCIÓN TERRITORIAL</u>

1.      Esta disputa surge de las acciones ilegales en curso de los Demandados

en relación a los esfuerzos para privar al Demandante de sus derechos e intereses a

ciertos fondos actualmente gestionados por las entidades Jerome y Marand en Cuentas

de Northern Trust en el condado de Miami-Dade, Florida (las "Cuentas Northern

Trust").

2.      Como se alega adicionalmente en este documento, a pesar del interés

beneficioso del Demandante y su derecho a un tercio (1/3) de los fondos y el dinero de

las Cuentas de Northern Trust, los Demandados individuales actualmente violan sus

obligaciones legales y deberes fiduciarios que le corresponden al Demandante, entre

otras cosas, ya que no distribuyen ni explican correctamente el dinero mantenido en las

Cuentas de Northern Trust.

3.      Se trata de una acción por daños y perjuicios en una cantidad mayor a quince mil

dólares ($ 15 000,00), sin contar los intereses, los costos y los honorarios de los abogados, y por lo tanto, se encuentra dentro de los límites jurisdiccionales de esta Corte. El Demandante también pretende reparación declarativa y suplementaria de conformidad con los Estatutos de Florida § 86.011, § 86.021 y § 86.061, sobre la cual esta Corte es competente.

4.      La jurisdicción territorial sería en el condado de Miami-Dade, Florida, de conformidad con los Estatutos de Florida §§ 47.011, 47.041, y 47.051, debido a que las causas de los hechos alegados en el presente documento devengan en este condado, los Demandados residen o tienen sus oficinas y la propiedad en litigio se encuentra en el condado de Miami-Dade, Florida.

5.      Esta Corte tiene jurisdicción personal sobre los Demandados de conformidad con los Estatutos de  Florida

§§ 48.193 (1)(a) y (2) porque, entre otras cosas, los Demandados se dedican a actividades sustanciales, no aisladas dentro de Florida, cometiendo un acto ilícito dentro del estado, y operan, conducen, participan en y realizan operaciones comerciales dentro del estado de Florida, dando surgimiento a esta acción.

6.      Todas las condiciones previas a la interposición de esta acción, en su caso, se han producido o se han dispensado o suspendido.

## PARTES

7.      El Demandante Armando de Armas Caraballo es residente de Caracas, Venezuela, mayor de 18 años de edad y tiene capacidad legal. El Demandante, directamente o a través de una sociedad tenedora, es el dueño de un tercio (1/3) de los intereses de las entidades Jerome y Marand, y tiene interés beneficioso y derecho a un tercio (1/3) de los fondos y el dinero depositados en las cuentas de Northern Trust.

8.      El Demandado Martin es residente de Caracas, Venezuela, mayor de 18 años de edad y tiene capacidad legal. En todo momento de la Demanda, Martín, directamente o a través de

3

una sociedad tenedora, ha poseído y controlado de forma beneficiosa un tercio (1/3) de los intereses de las entidades Jerome y Marand.

9.       El Demandado Andres es residente del condado Miami-Dade, Florida, mayor de 18 años de edad y tiene capacidad legal. En todo momento de la Demanda, Andres, directamente o a través de una sociedad tenedora, ha poseído y controlado de forma beneficiosa un tercio (1/3) de los intereses de las entidades Jerome y Marand.

10.      El Demandado Jerome es una empresa panameña utilizada por Armando, Andres y Martin como empresa tenedora para mantener ciertas cuentas bancarias, inclusive la Cuenta de Northern Trust, en el condado de Miami-Dade, Florida.

11.      El Demandado Marand es una empresa panameña utilizada por Armando, Andres y Martin como empresa tenedora para mantener ciertas cuentas bancarias, inclusive la Cuenta de Northern Trust, en el condado de Miami-Dade, Florida.

## <u>ALEGATOS GENERALES</u>

12.      Aproximadamente en junio de 2001, se crearon y formaron las entidades Jerome y Marand como sociedades tenedoras a los efectos de la inversión y la celebración de ciertos fondos en los Estados Unidos para el beneficio de los tenedores y propietarios de 1/3 de los intereses.

13.      Las entidades Jerome y Marand establecieron las Cuentas de Northern Trust en el condado de Miami-Dade, Florida, y los tenedores y propietarios de un tercio (1/3) de los intereses aportaron dinero y fondos sustanciales en cada una de las cuentas de Northern Trust.

14.      En relación con el uso de las entidades Jerome y Marand como sociedades tenedoras, los tenedores y propietarios de un tercio (1/3) de los intereses estuvieron de acuerdo y entendieron que cada uno de ellos

4

tendría una participación directa y derecho a un tercio (1/3) de los fondos retenidos en las cuentas establecidas por las entidades Jerome y Marand, y que, previa solicitud, cada uno de ellos tendría el derecho a recibir una pronta distribución de su tercio (1/3) del dinero mantenido en cualquiera de las cuentas de las empresas.

15.     Con base a la información y parecer, las Cuentas de Northern Trust para las entidades Jerome y Marand actualmente tienen aproximadamente US$ 10 millones depositados.

16.     Como se alega anteriormente, el Demandado y los Demandados individuales son propietarios beneficiosamente de un tercio (1/3) de los intereses en las entidades Jerome y Marand, y cada uno tiene un interés beneficioso directo y derecho a un tercio (1/3) de los fondos depositados en las Cuentas de Northern Trust.

17.     Ante el acuerdo y el entendimiento de las partes sobre sus respectivos derechos a un tercio (1/3) de los fondos depositados en las cuentas de Jerome y Marand, el Demandante depositó su confianza en Martin y Andres para actuar como fiduciarios con respecto a dichas cuentas y los facultó con autoridad firmante para las Cuentas de Northern Trust.

18.     Los Demandados individuales entendieron y aceptaron la confianza que se había depositado en ellos como fiduciarios, y se obligaron a actuar como fiduciarios y de buena fe con respecto a las Cuentas de Northern Trust.

19.     Como tal, solo los dos Demandados individuales y un tercer individuo, Carlos Obregón, tienen autoridad firmante en las Cuentas de Northern Trust, y el Demandante confió en que actuarían de buena fe y cumplirían plenamente con sus obligaciones fiduciarias.

20.     A mediados del 2015, el Demandante solicitó que los Demandados individuales le proporcionen información sobre la situación financiera de las entidades Jerome y Marand y el estado de las Cuentas de Northern Trust.

21.     Después de que los Demandados individuales se negaron a proporcionar esta información, el Demandante solicitó la autoridad firmante sobre las Cuentas de Northern Trust.

22.     En agosto del 2015, luego de que los Demandados individuales rechazaran las peticiones del demandante de información y autoridad firmante, y conforme al acuerdo y al entendimiento de las partes, el Demandante posteriormente decidió ejercer su derecho a retirar los fondos a los que tenía derecho de las Cuentas de Northern Trust.

23.     Con este fin, en agosto del 2015, el Demandante y sus representantes se reunieron con los Demandados individuales y solicitaron formalmente la distribución del tercio (1/3) de los fondos del Demandante mantenidos en las Cuentas de Northern Trust (la "reunión de agosto del 2015").

24.     Si bien los Demandados individuales no distribuyeron el importe total del tercio (1/3) de los intereses del Demandante en las Cuentas de Northern Trust, reconocieron el derecho del Demandante a los fondos mediante la distribución de US$ 650 000 al Demandante por transferencia bancaria en el cumplimiento parcial de la demanda del mes de agosto del 2015.

25.     Luego de la Reunión de agosto del 2015 y la solicitud, el Demandante, sus representantes y los Demandados individuales continuaron discutiendo el asunto y mantuvieron una reunión adicional en noviembre del 2015 en Northern Trust en Miami, Florida, para hablar sobre las entidades Jerome y Marand y la distribución de los fondos del Demandante depositados en las Cuentas de Northern Trust.

26.     Durante esta reunión en Northern Trust, al contrario de sus obligaciones fiduciarias y legales, los Demandados individuales se abstuvieron de llegar a un acuerdo para distribuir el tercio (1/3) de los fondos del Demandado depositados en las Cuentas de Northern Trust pero afirmaron que lo considerarían y lo informarían posteriormente.

27.     A pesar de su acuerdo, las representaciones y las obligaciones fiduciarias, los Demandados individuales no ejecutaron la distribución requerida de los fondos de las Cuentas de Northern Trust en favor del Demandante, y hasta la fecha no han proporcionado ninguna justificación para sus rechazos ilícitos.

28.     Los Demandados individuales están actuando de mala fe y han incumplido sus obligaciones fiduciarias y legales, y sus acciones están causando un daño sustancial irreparable y perjuicios al Demandante.

29.     Los Demandados individuales no han respondido a los numerosos intentos posteriores de contacto por parte del Demandante y sus representantes.

30.     El Demandante se ha visto obligado a contratar a un abogado que suscribe y a incurrir en honorarios de abogados a partir de esta acción.

## PRIMERA IMPUTACIÓN

### INCUMPLIMIENTO DEL DEBER FIDUCIARIO
**Contra los Demandados individuales**

31.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

32.     Como se alega anteriormente, el Demandante confió en los Demandados individuales que asumieron tal confianza y el deber de proteger al Demandante, además asumieron los deberes fiduciarios hacia el Demandante, en relación con la gestión y el uso de las Cuentas de Northern Trust mantenidas por Jerome y Marand.

33.     Como fiduciario al Demandante, se requiere que los Demandados individuales actúen con un deber de cuidado y en sus mejores intereses, y que no utilicen sus roles para beneficio e interés personal.

34.     Los Demandados individuales tienen un deber de cuidado y deben abstenerse de participar en conductas negligentes o imprudentes y  malas conductas intencionales que impacten negativamente al Demandante.

35.     Los Demandados individuales tienen el deber de cumplir con sus responsabilidades conforme a su obligación de buena fe y trato justo.

36.     Los Demandados individuales deliberadamente y sin justificación o autoridad, incumplieron ilegalmente sus deberes fiduciarios, entre otras cosas, al: (i) negarse indebidamente a distribuir el tercio (1/3) de los fondos del Demandante depositados en las Cuentas de Northern Trust; (ii) ocultar indebidamente y no dar a conocer la situación financiera de Jerome y Marand, y las Cuentas de Northern Trust; (iii) impedir y retrasar deliberadamente la devolución del tercio (1/3) de los fondos del Demandante en las cuentas de Jerome y Marand de Northern Trust; (iv) actuar de manera perjudicial para el Demandante y causarse pérdidas económicas y daños; y (v) realizar cualquier otra conducta egoísta, desleal e impropia.

37.     Las múltiples violaciones de los Demandados individuales a sus deberes fiduciarios causaron perjuicios y daños sustanciales al Demandante, como consecuencia el Demandante sufrió daños y perjuicios inmediatos a las múltiples violaciones de los Demandados individuales a sus deberes fiduciarios contraídos

38.     Las acciones de los Demandados individuales contra el Demandado han sido intencionales, gratuito, malicioso, y se han realizado con indiferencia imprudente.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados individuales por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

## SEGUNDA IMPUTACIÓN

## IMPEDIMENTO POR LA PROMESA
### Contra los Demandados individuales

39.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

40.     Como se alega anteriormente, los Demandados individuales hicieron representaciones materiales y promesas al Demandante en relación con sus derechos y la distribución de su tercio (1/3) de los intereses de los fondos depositados en las cuentas de Northern Trust de Jerome y Marand.

41.     Los Demandados individuales representaron y prometieron que, previa petición, cada uno de los propietarios de un tercio (1/3) del total, entre ellos el Demandante, tendría derecho a recibir la pronta distribución de su tercio (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

42.     Contrario a sus representaciones y promesas, los Demandados individuales ahora se han negado a cumplir con sus promesas y representaciones, e intentan incumplir dichas representaciones y acuerdos previos con el fin de hacer mal uso y ejercer el control sobre todos los fondos mantenidos en las Cuentas de Northern Trust, inclusive los fondos a los que tiene derecho el Demandante.

43.     El demandante razonable y perjudicialmente confió en las múltiples promesas y tergiversaciones de los hechos y el patrón de omisión material de los Demandados individuales permitiendo, entre otras cosas, que los Demandados individuales tengan acceso a sus fondos en las Cuentas de Northern Trust y permitiendo a los Demandados individuales que obstaculicen y retrasen su uso de los fondos mantenidos en las Cuentas de Northern Trust de Jerome y Marand.

9

44.     El demandante razonable confió en las representaciones y promesas de los Demandados individuales, y esperó que estos cumplan con sus promesas y tomaran las acciones anteriores para devolverle rápidamente a tercio (1/3) de los fondos mantenidos en las cuentas de Northern Trust.

45.     Solo se puede evitar la injusticia mediante la imposición de las representaciones y promesas en contra de los Demandados individuales.

46.     Como consecuencia del incumplimiento de las representaciones y promesas de los Demandados individuales, el Demandante ha sufrido daños y perjuicios sustanciales.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

### TERCERA IMPUTACIÓN

### <u>FIDEICOMISO CONSTRUÍDO</u>
**Contra los Demandados individuales**

47.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

48.     En relación con el uso de las entidades Jerome y Marand como sociedades tenedoras, los propietarios y tenedores de intereses en las empresas acordaron y entendieron que cada propietario de un tercio (1/3) del total tendría un interés beneficioso directo y derecho a un tercio (1/3) de los fondos que se mantienen en las cuentas bancarias establecidas por las entidades Jerome y Marand, y que, previa petición, cada propietario de un tercio (1/3) tendría derecho a recibir la pronta distribución de su tercera parte (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

49.     Los Demandados individuales representaron y prometieron que, previa

petición, cada uno de los propietarios de un tercio (1/3) del total, entre ellos el Demandante, tendría derecho a recibir la pronta distribución de su tercio (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

50.     El Demandante confió en las representaciones y las promesas de los Demandados individuales en relación con el tercio (1/3) de sus fondos en las Cuentas de Northern Trust de Jerome y Marand, sobre el cual los Demandados individuales tratan de ejercer control.

51.     Existe una relación confidencial entre el Demandante y los Demandados individuales.

52.     Las circunstancias hacen que la retención de los Demandados Individuales de los intereses del Demandante en Jerome y Marand sea no equitativa.

53.     Los Demandados se han enriquecido injustamente a costa del Demandante.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

## CUARTA IMPUTACIÓN

### INDEMNIZACIÓN JUSTA DECLARATORIA Y SUPLEMENTARIA
### Contra todos los Demandados

54.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

55.     Se trata de un recurso por reparación declaratoria y suplementaria de conformidad con el Capítulo 86, de los Estatutos de Florida.

56.     Sobre la base de los hechos expuestos anteriormente, y debido a la actual disputa entre el Demandante y los Demandados, existe una necesidad real, de buena fe y

práctica de declaración judicial de los respectivos derechos y obligaciones de las partes.

57.     El Demandante solicita una declaración judicial con respecto a sus derechos e intereses en relación con las Cuentas de Northern Trust y una declaración judicial sobre su derecho a la devolución de su tercio (1/3) de los fondos depositados en las Cuentas de Northern Trust de Jerome y Marand.

58.     El Demandante duda sobre cuáles son sus derechos y se ve afectado directa y materialmente por los comportamientos denunciados en el presente documento.

59.     Las declaraciones solicitadas en el presente documento se refieren a un estado presente, reconocidos o determinable de hechos o presente controversia en cuanto a un estado de hechos.

60.     Los derechos del Demandante dependen de los hechos o de la ley aplicable a los hechos.

61.     El Demandante y los Demandados tienen un interés real, presente, adverso y antagónico sobre el tema en cuestión.

62.     Los intereses antagónicos y adversos se han presentado ante la Corte a través del adecuado proceso, y la reparación solicitada no es más que la entrega de asesoría legal por las cortes o la respuesta a las preguntas surgidas de la curiosidad. El Demandante no buscar obtener asesoramiento u opiniones legales.

63.     A medida que se cumplan los elementos necesarios identificados en la Ley de Sentencia Declaratoria, la Corte puede conocer este asunto en virtud de la Ley de Sentencia Declaratoria y proporcionar la reparación solicitada.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte dicte sentencia a favor del Demandante, y en contra de los Demandados declarando lo siguiente: (a) que el Demandante tiene derecho a la devolución de su tercio (1/3) de los fondos en las

Cuentas de Northern Trust mantenidas por Jerome y Marand; (b) ordenar a los Demandados tomar todas las medidas necesarias para ejecutar la devolución de los intereses del Demandante sobre las Cuentas de Northern Trust mantenidas por Jerome y Marand; y (d) que se le proporcione al Demandante con una reparación suplementaria o cualquier otra que esta Corte considere justa.

## QUINTA IMPUTACIÓN

### <u>CONSPIRACIÓN CIVIL</u>
**Contra los Demandados individuales**

64.    El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

65.    Los Demandados individuales acordaron y conspiraron para llevar a cabo actos ilegales o actos lícitos por medios ilícitos con respecto a sus esfuerzos para privar al Demandante de su tercio (1/3) de los intereses de los fondos depositados en las Cuentas de Northern Trust de Jerome y Marand, e interferir con los derechos e intereses del Demandante en relación con las empresas tenedoras Jerome y Marand.

66.    Los Demandados individuales han realizado múltiples actos para avanzar en esta conspiración, incluidos sin limitación:  (i) la realización de esfuerzos indebidos y coordinados para retener ilegalmente la parte de los fondos del Demandante mantenidos en Las Cuentas de Northern Trust de Jerome y Marand para promover sus propios intereses y obtener injustamente beneficios financieros para sí mismos; (ii) la realización de esfuerzos indebidos y coordinados para interferir con la propiedad de dichos intereses del Demandante; (iii) representaciones engañosas y falsas al Demandante; y (iv) la realización de un esfuerzo coordinado para interferir intencionalmente con los intereses comerciales del Demandante.

67.    Tal conspiración y acuerdo tuvo por objeto permitir y facilitar la conducta

13

ilícita de los Demandados individuales, incluida la violación de sus deberes fiduciarios y otras prácticas comerciales inapropiadas, ilegales e injustas contra el Demandante.

68.     La conspiración de los Demandados individuales se basa en varios errores subyacentes de acciones concretas, inclusive sin limitación, la violación de sus deberes fiduciarios y obligaciones legales.

69.     Además, en virtud de su combinación, los Demandados individuales poseen y tienen un poder peculiar de coacción, que una persona individualmente no posee, y que proporciona una base alternativa e independiente para una demanda por conspiración civil.

70.     La naturaleza de las acciones concertadas de los Demandados individuales le causa daños y perjuicios al Demandante.

71.     Como parte de la conspiración, cada uno de los Demandados individuales conspiró y actuó para su propio beneficio personal y en su propio interés en relación con el objeto de su conspiración, apoderándose ilícitamente del control de los activos de Jerome y Marand.

72.     Los Demandados individuales han actuado deliberada, maliciosa y arbitrariamente en relación con las medidas adoptadas contra el Demandante.

73.     El Demandante resultó dañado como consecuencia de los actos llevados a cabo de conformidad con la conspiración de los Demandados.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte dicte sentencia para el Demandante y los Demandados individuales por: (i) una indemnización al Demandante por todos los daños sufridos como consecuencia de la conducta de los Demandados individuales; (ii) una indemnización al Demandante por todos los intereses previos y posteriores a la sentencia de todos los importes monetarios; (iii) el Demandante se reserva el derecho de solicitar permiso para modificar aún más la demanda para agregar una

solicitud por daños punitivos de conformidad con los Estatutos de Florida § 768.72; y (iv) cualquier otra reparación que esta Corte considere justa y apropiada.

**SEXTA IMPUTACIÓN**

**<u>CONTABILIDAD</u>**
**Contra los Demandados individuales**

74.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

75.     Como administradores únicos de las Cuentas de Northern Trust, los Demandados individuales asumen y están a cargo de los deberes fiduciarios hacia el Demandante como accionista minoritario en las entidades de Jerome y Marand.

76.     Los Demandados individuales tenían un deber fiduciario para con el Demandante y los Demandados en control eran responsables de gestionar la contabilidad diaria de las entidades Jerome y Marand, las cuentas bancarias de las entidades Jerome y Marand, inclusive las Cuentas de Northern Trust y garantizar que el Demandante recibiera todo el dinero de las entidades Jerome y Marand sobre el que tenía derecho legítimo.

77.     Los Demandados individuales han incumplido con sus obligaciones fiduciarias.

78.     El Demandante tiene un derecho legal claro para recuperar los daños y perjuicios causados por la violación de los Demandados individuales de sus deberes fiduciarios.

79.     Como resultado de la violación de los Demandados individuales de sus deberes fiduciarios, es difícil, si no imposible, que el Demandante obtenga una indemnización total y completa por sus pérdidas sin antes obtener una contabilidad de las entidades Jerome y Marand y los Demandados individuales por todos la pérdida y el daño causado por la violación de sus deberes fiduciarios.

80.     En consecuencia, los recursos legales son insuficientes para remediar eficazmente la violación de los Demandados individuales de sus deberes fiduciarios.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte ordene que los Demandados individuales proporcionen una contabilidad al Demandante por todas las operaciones de las entidades Jerome y Marand, y por todas las pérdidas y daños causados por sus acciones, y por cualquier otra reparación que esta Corte considere apropiada.

### SOLICITUD DE JURADO

81.     El Demandante solicita juicio por jurado sobre todos los hechos enjuiciables en disputa.


14 de enero del 2016                          Respetuosamente,

                                              **DLA PIPER LLP**
                                              200 South Biscayne Boulevard, Suite 2500
                                              Miami, Florida 33131
                                              Teléfono: (305) 423-8500
                                              Fax: (305) 437-8131


                                              Por: */f/ Harout Jack Samra*
                                                    MICHAEL G. AUSTIN
                                                    Florida Bar No. 0457205
                                                    Michael.Austin@dlapiper.com
                                                    HAROUT JACK SAMRA
                                                    Florida Bar N. º 70523
                                                    Harout.Samra@dlapiper.com

                                                    *Abogados del Demandante*
                                                    *Armando de Armas*

16

Case 1:17-cv-21517-MGC Document 7-1 Entered on FLSD Docket 06/13/2017 Page 49 of 96

## FORMULARIO 1.997. PORTADA DE FORMULARIO PARA CASO CIVIL

La portada de formulario para caso civil y la información contenida en el presente documento no sustituyen ni complementan la presentación y el trámite de solicitudes u otros papeles como requiere la ley. Este formulario deberá presentarse por el demandante o el peticionario por el uso de la Secretaria de la Corte con el fin de comunicar los datos de carga de trabajo judiciales de conformidad con los Estatutos de Florida, sección 25.075.

---

I. **DATOS DEL CASO**

EN LA CORTE DE CIRCUITO DEL UNDÉCIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, FLORIDA

N. º de CASO: _____
Juez: _____

Armando de Armas Caraballo
Demandante

contra

Martin Antonio de Armas Silva, Andres de Armas Silva, Jerome International S.A., Marand Re S.A.
Demandados

---

II. **TIPO DE CASO**

- ☐ Condominio
- ☐ Contratos y endeudamientos
- ☐ Expropiación
- ☐ Auto negligencia
- ☐ Negligencia - otra
  - ☐ Gobernanza empresarial
  - ☐ Tuertos comerciales
  - ☐ Daño ambiental/tóxico
  - ☐ Indemnización a tercero
  - ☐ Defecto de construcción
  - ☐ Daño colectivo
  - ☐ Seguridad negligente
  - ☐ Negligencia en asilos de ancianos
  - ☐ Responsabilidad del local - comercial
  - ☐ Responsabilidad del local - residencial
- ☐ Responsabilidad por productos
- ☐ Bienes inmuebles / ejecución de la hipoteca
  - ☐ Liquidación forzada comercial $ 0 - $ 50 000
  - ☐ Liquidación forzada comercial $ 50 001 - $ 249 999
  - ☐ Liquidación forzada comercial $ 250 000 o más
  - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 0 - $ 50 000
  - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 50 001 - $ 249 999
  - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 250 000 o más
  - ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 0 - $ 50 000

- ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 50 001 - $ 249 999
- ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 250 00 o más

- ☐ Otras acciones de bienes inmuebles $ 0 - $ 50 000
- ☐ Otras acciones de bienes inmuebles $ 50 001 - $ 249 999
- ☐ Otras acciones de bienes inmuebles $250 000 o más

- ☐ Negligencia profesional
    - ☐ Negligencia – comercial
    - ☐ Mala praxis – médica
    - ☐ Negligencia – otro profesional
- ☒ Otro
    - ☐ Regulación comercial / antimonopolio
    - ☒ Transacción comercial
    - ☐ Circuito civil - No corresponde
    - ☐ Decreto o estatuto de recurso de inconstitucionalidad

—

- ☐ Enmienda propuesta por recurso de inconstitucionalidad
- ☐ Fideicomiso corporativo
- ☐ Discriminación en el empleo u otro
- ☐ Reclamos de seguro
- ☐ Propiedad intelectual
- ☐ Difamación/Calumnia
- ☐ Acciones derivadas de accionistas
- ☐ Litigios sobre valores
- ☐ Secretos comerciales
- ☐ Litigios por fideicomisos

**CORTE DE LITIGIOS COMPLEJOS DE NEGOCIOS**

Esta acción es apropiada para la Corte de litigios complejos de negocios como lo indica y manda la Orden Administrativa.  Sí ☐  No ☒

**III.** **REPARACIONES SOLICITADAS** (marque todas las que corresponda):
☒ Monetaria,
☐ No monetaria
☒ Medida cautelar o reparación declaratoria no monetaria,
☐ Punitiva

**IV.** **NÚMERO DE CAUSAS DE ACCIÓN: (    )**
(Especificar)

<u>6</u>

**V.** **¿ESTE CASO ES UNA DEMANDA COLECTIVA?**
☐ Sí
☒ No

**VI.** **¿TIENE CONOCIMIENTO DE ALGUN CASO RELATIVO QUE SE HAYA PRESENTADO?**
☒ No
☐ Sí – En caso de respuesta afirmativa, enumere todos los casos relacionados por nombre, número de caso y corte:

**VII.** **¿SE SOLICITA JUICIO POR JURADO EN LA DEMANDA?**
☒ Sí
☐ No

---

CERTIFICO que la información que la información que he proporcionado en esta portada de formulario para caso civil es fidedigna según mi leal saber y entender.

Firma f<u>/ Harout Jack Samra</u>          FL Bar N. º:  <u>70523</u>
    Abogado o parte                                            (Número Bar en caso de abogado)

<u>Harout Jack Samra</u>          <u>01/14/2016</u>
    (Ingresar o imprimir nombre)                          Fecha



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY  10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of New York**
**State of New York**

Date: June 2, 2016

To whom it may concern:

This is to certify that the attached translation from English into Spanish is an accurate representation of the documents received by this office.

The documents are designated as:
  • De Armas v. Jerome Int'l S.A. et al. (Case No. 2016-001033-CA-01)

David Wettenstein, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of David Wettenstein

WI-44. 6/25/2015. Rev 0

Accurate Translation Services 24/7

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

ARMANDO DE ARMAS CARABALLO;

      Plaintiff;

v.                                CASE NO. 2016-001033-CA-01

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

      Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE**

    **YOU ARE COMMANDED** to serve this Summons and copy of the complaint in this lawsuit on Defendant:

MARAND RE S.A.
Plaza Bancomer Building, 50th Street
Panama City, Republic of Panama

Dated: _____MAY 2 6 2016_____

CLERK OF THE CIRCUIT COURT

HARVEY RUVIN
As Clerk of the Court

Nombre: Zaira Carvajal
Cargo: Recepcionista
Fecha: 5-8-16
Hora: 6:45 am.

By _____ As Deputy Clerk

## IMPORTANT

A lawsuit bas been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff s attorney named below:

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dated: May 26, 2016

**DLA PIPER LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131

By: ___s/ Harout Jack Samra_____
   MICHAEL G. AUSTIN
   Florida Bar No. 0457205
   Michael.Austin@dlapiper.com
   HAROUT JACK SAMRA
   Florida Bar No. 70523
   Harout.Samra@dlapiper.com

   *Attorneys for Plaintiff*
   *Armando de Armas*

EN EL TRIBUNAL DEL DISTRITO DEL DÉCIMO PRIMER DISTRITO JUDICIAL
EN Y PARA EL CONDADO DE MIAMI-DADE
DIVISIÓN DE JURISDICCIÓN GENERAL

ARMANDO DE ARMAS CARABALLO;

      Demandante;

contra                              CASO n.º 2016-001033-CA-01


JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

      Demandados.

_____/

### ORDEN DE COMPARECENCIA PARA UNA ACCIÓN CIVIL

**EL ESTADO DE FLORIDA**
**A TODOS LOS ALGUACILES DEL ESTADO:**

    **POR MEDIO DE LA PRESENTE SE LES ORDENA** entregar la presente Notificación y una copia de la demanda pertinente a la parte Demandada:


MARAND RE S.A.
Plaza Bancomer Building, 50th Street
Ciudad de Panamá, República de Panamá


Fecha: [Sello:] 26 MAYO 2016              ACTUARIO DEL JUZGADO DEL DISTRITO


                                HARVEY RUVIN
                                Actuario del Juzgado


                                [Sello redondo en tinta roja:] JUZGADOS DEL DISTRITO
                                Y DEL CONDADO – CONDADO DE MIAMI-DADE


                                Por: [Firma ilegible] 3130 [Ilegible]
                                    Actuario Delegado Judicial

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff s attorney named below:

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como ''Plaintiff/Plaintiff s Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci- jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nominees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. II y a d'autres obligations juridiques et vous pouvez requerir les services immediats dTm avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d[4] assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff s Attorney" (Plaignant ou a son avocat) nomme ci-dessous.


Fecha: 26 de mayo de 2016

**DLA PIPER LLP**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Teléfono: (305) 423-8500
Fax: (305) 437-8131

Por:  _Harout Jack Samra_
MICHAEL G. AUSTIN
Número de registro en el Colegio de Abogados de Florida: 0457205
Michael.Austin@dlapiper.com
HAROUT JACK SAMRA
Número de registro en el Colegio de Abogados de Florida: 70523
Harout.Samra@dlapiper.com

*Abogados del Demandante*
*Armando de Armas*



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY  10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of New York**
**State of New York**

Date: June 8, 2016

To whom it may concern:

This is to certify that the attached translation from English into Spanish is an accurate representation of the documents received by this office.

The documents are designated as:

- DLA-2010607-1 Marand

David Wettenstein, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of David Wettenstein

Accurate Translation Services 24/7

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

ARMANDO DE ARMAS CARABALLO;

        Plaintiff;

    v.                       CASE NO. _____

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN ANTONIO
DE ARMAS SILVA, ANDRES DE
ARMAS SILVA;

        Defendants.
_____/

**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF
AND DEMAND FOR JURY TRIAL**

    Plaintiff, ARMANDO DE ARMAS CARABALLO ("Plaintiff" or "Armando"), hereby

sues Defendants, MARTIN ANTONIO DE ARMAS SILVA ("Martin"), and ANDRES DE

ARMAS SILVA ("Andres") (collectively, Martin and Andres are referred to as the "Individual

Defendants"), JEROME INTERNATIONAL S.A. ("Jerome"), MARAND RE S.A. ("Marand")

(collectively, all named defendants are referred to as "Defendants"), and states as follows:

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

    1.    This dispute arises from Defendants' on-going wrongful actions relating to efforts

to deprive Plaintiff of his rights and interests to certain funds which are currently maintained by

the Jerome and Marand entities in accounts at Northern Trust in Miami-Dade County, Florida

(the "Northern Trust Accounts").

    2.    As further alleged herein, despite Plaintiff's beneficial interest and right to 1/3 of

the monies and funds held in the Northern Trust Accounts, the Individual Defendants are

currently engaged in a pattern of violating their legal obligations and fiduciary duties owed to

1

Plaintiff by, among other things, failing to properly distribute and account for the monies held in the Northern Trust Accounts.

3.      This is an action for damages in an amount greater than fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees, and thus, is within the jurisdictional limits of this Court.   Plaintiff also seeks declaratory and supplemental relief pursuant to Fla. Stat. § 86.011, § 86.021, and § 86.061, over which this Court has jurisdiction.

4.      Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. §§ 47.011, 47.041, and 47.051, because the causes of actions alleged herein accrued in this county, the Defendants reside or maintain offices, and the property in litigation is located in Miami-Dade County, Florida.

5.      This Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. §§ 48.193 (1)(a) and (2) because, among other things, the Defendants are engaged in substantial and not isolated activities within Florida, committed a tortious act within the State, and operate, conduct, engage in, and carry on business operations within the State of Florida out of which this action arises.

6.      All conditions precedent to bringing this action, if any, have occurred or have been excused or waived.

## **PARTIES**

7.      Plaintiff Armando de Armas Caraballo is a resident of Caracas, Venezuela, is over the age of 18, and is otherwise *sui juris*.  Plaintiff, directly and/or through a holding company, is the owner of a one-third (1/3) interest in the Jerome and Marand entities, and Plaintiff has a beneficial interest and right to one-third (1/3) of monies and funds held in the Northern Trust Accounts.

2

8.      Defendant Martin is a resident of Caracas, Venezuela, is over the age of 18, and is otherwise *sui juris.* At all times material to the Complaint, Martin, directly and/or through a holding company, has beneficially owned and controlled a one-third (1/3) interests in Jerome and Marand entities.

9.      Defendant Andres is a resident of Miami-Dade County, Florida, is over the age of 18, and is otherwise *sui juris.* At all times material to the Complaint, Andres, directly and/or through a holding company, has beneficially owned and controlled a one-third (1/3) interest in Jerome and Marand, entities.

10.     Defendant Jerome is a Panamanian company that is utilized by Armando, Andres and Martin as a holding company to maintain certain bank accounts, including the Northern Trust Account, in Miami-Dade County, Florida.

11.     Defendant Marand is a Panamanian company that is utilized by Armando, Andres and Martin as a holding company to maintain certain bank accounts, including the Northern Trust Account, in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

12.     In or around June of 2001, the Jerome and Marand entities were created and formed as holding companies for the purpose of investing and holding certain funds in the United States for the benefit of the 1/3 interest holders and owners.

13.     The Jerome and Marand entities established the Northern Trust Accounts in Miami-Dade County, Florida, and the 1/3 interest holders and owners contributed substantial funds and monies to each of the Northern Trust Accounts.

14.     In connection with the use of the Jerome and Marand entities as holding companies, the 1/3 interest holders and owners agreed and understood that each of them would

have a direct beneficial interest and right to 1/3 of the funds being held in the accounts established by the Jerome and Marand entities, and that upon request, each of them would have the right to receive prompt distribution of his 1/3 share of monies held in any of the companies' accounts.

15.     Upon information and belief, the Northern Trust Accounts for the Jerome and Marand entities currently have approximately US$10 million deposited in such accounts.

16.     As alleged above, Plaintiff and the Individual Defendants each beneficially owns 1/3 interests in the Jerome and Marand entities, and they each have a direct beneficial interest and right to 1/3 of the funds held in the Northern Trust Accounts.

17.     In light of the parties' agreement and understanding regarding their respective rights to 1/3 of the funds held in Jerome and Marand accounts, trust was reposed by Plaintiff in Martin and Andres to act as fiduciaries with respect to such accounts and to have signing authority for the Northern Trust Accounts.

18.     The Individual Defendants understood and accepted the trust that had been reposed in them as fiduciaries, and they were obligated to act as fiduciaries and in good faith with respect to the Northern Trust Accounts.

19.     As such, only the two Individual Defendants and a third individual, Carlos Obregon, have signing authority for the Northern Trust Accounts, and Plaintiff relied upon them to act in good faith and to comply fully with their fiduciary obligations.

20.     In mid-2015, Plaintiff requested that the Individual Defendants provide him with information regarding the Jerome and Marand entities' financial condition and the status of the Northern Trust Accounts.

21.     After the Individual Defendants refused to provide this information, Plaintiff requested signing authority over the Northern Trust Accounts.

22.     In August 2015, after the Individual Defendants refused Plaintiff's requests for information or signing authority, and consistent with the parties' agreement and understanding, Plaintiff subsequently decided to exercise his right to withdraw the funds to which he was entitled from the Northern Trust Accounts.

23.     To this end, in August 2015, Plaintiff and his representatives met with the Individual Defendants and formally requested the distribution of Plaintiff's 1/3 portion of the funds being held in the Northern Trust Accounts (the "August 2015 Meeting").

24.     While the Individual Defendants failed to distribute the full amount of Plaintiff's 1/3 interest in the Northern Trust Accounts, they acknowledged Plaintiff's right to the funds by distributing US$650,000 to Plaintiff by wire transfer in partial performance of Plaintiff's August 2015 demand.

25.     After the August 2015 Meeting and request, Plaintiff, his representatives, and the Individual Defendants continued to discuss the matter and held an additional meeting in November 2015 at Northern Trust in Miami, Florida, to discuss the Jerome and Marand entities and the distribution of Plaintiff's funds held in the Northern Trust Accounts.

26.     During this meeting at Northern Trust, contrary to their fiduciary and legal obligations, the Individual Defendants declined to agree to distribute Plaintiff's 1/3 portion of the funds held in the Northern Trust Accounts, but stated that they would consider it and advise at a later point.

27.     Despite their agreement, representations and fiduciary obligations, the Individual Defendants have failed to execute the required distribution of funds from the Northern Trust Accounts to Plaintiff, and to date have not provided any reasons for their wrongful refusals.

28.     The Individual Defendants are acting in bad faith and have breached their fiduciary obligations and legal obligations, and their actions are causing substantial irreparable harm and damage to Plaintiff.

29.     The Individual Defendants have failed to respond to subsequent and numerous attempts by Plaintiff and his representatives to contact them.

30.     Plaintiff has been forced to engage undersigned counsel and to incur attorneys' fees in connection with this action.

## COUNT I

### <u>BREACH OF FIDUCIARY DUTY</u>
**<u>Against the Individual Defendants</u>**

31.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

32.     As alleged above, Plaintiff reposed trust and confidence in the Individual Defendants who undertook such trust and have assumed a duty to protect Plaintiff, and Individual Defendants assumed and are charged with fiduciary duties towards Plaintiff, in relation to the management and use of the Northern Trust Accounts maintained by Jerome and Marand.

33.     As a fiduciary to Plaintiff, the Individual Defendants are required to act with a duty of care and in his best interests, and not to use their roles for their own personal gain and self-interest.

34.     The Individual Defendants have a duty of care to refrain from engaging in grossly negligent or reckless conduct, and intentional misconduct which negatively impacts Plaintiff.

35.     The Individual Defendants have the duty to discharge their responsibilities consistently with the obligation of good faith and fair dealing.

36.     The Individual Defendants deliberately and without justification or authority, improperly and wrongfully breached their fiduciary duties by, among other things: (i) improperly failing and refusing to distribute Plaintiff's 1/3 portion of the funds held in the Northern Trust Accounts to Plaintiff; (ii) improperly concealing and failing to disclose the financial condition of Jerome and Marand, and the Northern Trust Accounts; (iii) purposefully impeding and delaying the return of Plaintiff's 1/3 portion of the funds in the Jerome and Marand Northern Trust Accounts; (iv) acting in a manner detrimental to Plaintiff and caused Plaintiff monetary loss and harm; and (v) engaging in other self-serving, disloyal and improper conduct.

37.     The Individual Defendants' multiple breaches of their fiduciary duties have caused substantial injury and damage to Plaintiff, and Plaintiff has suffered damage as a proximate result of the Individual Defendants' multiple breaches of the fiduciary duties owed to Plaintiff.

38.     The actions of the Individual Defendants against Plaintiff have been willful, wanton, malicious, and performed with reckless disregard.

**WHEREFORE**, Plaintiff demands judgment against the Individual Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

## COUNT II

### PROMISSORY ESTOPPEL
**Against the Individual Defendants**

39.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as fully set forth herein.

40.    As alleged above, the Individual Defendants made material representations and promises to Plaintiff concerning his rights and the distribution of his 1/3 interest in the funds held in the Jerome and Marand Northern Trust Accounts.

41.    The Individual Defendants represented and promised that upon request, each of the 1/3 owners, including Plaintiff, would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

42.    Contrary to their representations and promises, the Individual Defendants have now refused to comply with their promises and representations and are attempting to renege upon these prior representations and agreements so that they can attempt to misuse and exercise control over all of the funds in the Northern Trust Accounts, including the funds to which Plaintiff is entitled.

43.    Plaintiff reasonably and detrimentally relied on the Individual Defendants' multiple promises and misrepresentations of fact and pattern of material omissions by, among other things, allowing the Individual Defendants to have access to Plaintiff's funds in the Northern Trust Accounts, and allowing the Individual Defendants to hinder and delay Plaintiff's use of his funds which are held by Jerome and Marand in the Northern Trust Accounts.

44.    Plaintiff reasonable relied on the Individual Defendants' representations and promises, and expected the Individual Defendants to comply with their promises and take the above actions to promptly return his 1/3 portion of the funds in the Northern Trust Accounts.

8

45.     Injustice can be avoided only by the enforcement of the representations and promises against the Individual Defendants.

46.     Because the Individual Defendants did not honor their representations and promises, Plaintiff has suffered substantial harm and damages caused by the Individual Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

### COUNT III

### CONSTRUCTIVE TRUST
#### Against the Individual Defendants

47.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

48.     In connection with the use of the Jerome and Marand entities as holding companies, the owners and interest holders in the companies agreed and understood that each of the 1/3 owners would have a direct beneficial interest and right to 1/3 of the funds being held in the bank accounts established by the Jerome and Marand entities, and that upon request, each of the 1/3 owners would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

49.     The Individual Defendants represented and promised that upon request, each of the 1/3 owners, including Plaintiff, would have the right to receive the prompt distribution of his 1/3 share of the monies being held in any of the bank accounts.

9

50.     Plaintiff relied upon the Individual Defendants' representations and promises in connection with the 1/3 portion of his funds which are maintained in the Jerome and Marand Northern Trust Accounts, and upon which the Individual Defendants attempting to exert control.

51.     A confidential relationship exists between Plaintiff and the Individual Defendants.

52.     The circumstances render the Individual Defendants' retention of Plaintiff's interests in Jerome and Marand inequitable.

53.     Defendants have been unjustly enriched at the expense of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, statutory treble damages, interest, costs, reasonable attorneys' fees, and such other relief this Court deems just and proper.

**COUNT IV**

**<u>DECLARATORY AND SUPPLEMENTAL EQUITABLE RELIEF</u>**
**Against the All Defendants**

54.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

55.     This is an action for declaratory and supplemental relief pursuant to Chapter 86, Florida Statutes.

56.     Based upon the facts alleged above, and because of the present dispute between Plaintiff and Defendants, there is a bona fide, actual, present practical need for judicial declaration of the parties' respective rights and obligations.

57.     Plaintiff seeks a judicial declaration regarding his rights and interests in connection with the Northern Trust Accounts, and a judicial declaration that he is entitled to the return of his 1/3 portion of the funds held in the Jerome and Marand Northern Trust Accounts.

58.     Plaintiff is in doubt as to his rights and is directly and materially affected by the conduct complained of herein.

59.     The declarations sought herein deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

60.     Plaintiff's rights are dependent upon the facts or the law applicable to the facts.

61.     Plaintiff and Defendants have an actual, present, adverse and antagonistic interest in the subject matter.

62.     The antagonistic and adverse interests are all before the court by proper process and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.  Plaintiff is not seeking to obtain advice or legal opinions.

63.     As the necessary elements identified in the Declaratory Judgment Act have been met, the Court may hear this matter under the Declaratory Judgment Act and provide the requested relief.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendants declaring the following: (a) that Plaintiff is entitled to the return of his 1/3 portion of the funds in the Northern Trust Accounts held by Jerome and Marand; (b) ordering Defendants to take all necessary steps to execute the return of Plaintiff's interests in the Northern Trust Accounts held by Jerome and Marand; and (d) that Plaintiff be provided with supplemental relief and such other and further relief as this Court deems just.

**COUNT V**

**<u>CIVIL CONSPIRACY</u>**
**Against the Individual Defendants**

64.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

11

65. The Individual Defendants entered into an agreement and conspiracy with each other in order to perform unlawful acts and/or lawful acts by unlawful means with respect to their effort to deprive Plaintiff of his 1/3 interest in the funds held in the Jerome and Marand Northern Trust Accounts, and to interfere with Plaintiff's rights and interests in connection with Jerome and Marand holding companies.

66. The Individual Defendants have taken multiple overt acts to further this conspiracy, including but not limited to: (i) engaging in improper and concerted efforts to wrongfully retain Plaintiff's portion of Jerome's and Marand's funds held in the Northern Trust Accounts to advance their own self-interests and unjustly obtain financial benefits for themselves; (ii) engaging in improper and concerted efforts to interfere with Plaintiff's ownership of those interests; (iii) making misleading and false representations to the Plaintiff; and (iv) engaging in a concerted effort to intentionally interfere with Plaintiff's business interests.

67. Such conspiracy and agreement was intended to permit and facilitate the Individual Defendants' wrongful conduct, including the breach of their fiduciary duties and other improper, unlawful and unfair business practices against Plaintiff.

68. The Individual Defendants' conspiracy is based upon multiple actionable underlying wrongs, including but not limited to breach of their fiduciary duties and legal obligations.

69. Additionally, by virtue of their combination, the Individual Defendants possess and have a peculiar power of coercion, which an individual acting alone does not possess, and which provides an alternative and independent basis for a civil conspiracy claim.

70.     The concerted nature of the Individual Defendants' actions are causing damage to Plaintiff.

71.     As part of the conspiracy, each of the Individual Defendants conspired and acted for their own personal gain and in their own self-interest in connection with the object of their conspiracy, wrongfully seizing control of Jerome's and Marand's assets.

72.     The Individual Defendants have acted intentionally, maliciously and wantonly in connection with the actions taken against Plaintiff.

73.     Plaintiff has been damaged as a result of the acts performed pursuant to Defendants' conspiracy.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and the Individual Defendants for: (i) an award to Plaintiff of all damages incurred as a result of the Individual Defendants' conduct; (ii) an award to Plaintiff of pre-judgment and post-judgment interest on all monetary amounts; (iii) Plaintiff reserves the right to seek leave to further amend the complaint to add a request for punitive damages pursuant Fla. Stat. § 768.72; and (iv) for such other and further relief as this Court deems appropriate.

## COUNT VI

### ACCOUNTING
### Against the Individual Defendants

74.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

75.     As sole administrators of the Northern Trust Accounts, the Individual Defendants assume and are charged with fiduciary duties towards Plaintiff as a minority shareholder in the Jerome and Marand entities.

13

76.     The Individual Defendants owed a fiduciary duty to the Plaintiff, and the Controlling Defendants were responsible for dutifully handling the day to day accounting of the Jerome and Marand entities; handling the Jerome and Marand entities' bank accounts, including the Northern Trust Accounts; and ensuring that Plaintiff received all of the monies from the Jerome and Marand entities that he was rightfully entitled to receive.

77.     The Individual Defendants have breached their fiduciary duties.

78.     Plaintiff has a clear legal right to recover for the damage and loss caused by Individual Defendants' breaches of their fiduciary duties.

79.     As a result of the Individual Defendants' breach of their fiduciary duties, it is difficult, if not impossible for Plaintiff to obtain a full and complete recovery of her losses without first obtaining an accounting from the Jerome and Marand entities and the Individual Defendants for all loss and damage caused by the Individual Defendants' breaches of their fiduciary duties.

80.     Accordingly, legal remedies are inadequate to redress effectively the Individual Defendants' breaches of their fiduciary duties to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court order that the Individual Defendants provide an accounting to Plaintiff for all operations of the Jerome and Marand entities and for all loss and damage caused by the Individual Defendants' actions, and for such other and further relief as this Court deems appropriate.

## JURY DEMAND

81.    Plaintiff demands a trial by jury on all issues so triable.


January 14, 2016                                     Respectfully submitted,

                                                    **DLA PIPER LLP**
                                                    200 South Biscayne Boulevard, Suite 2500
                                                    Miami, Florida 33131
                                                    Telephone: (305) 423-8500
                                                    Facsimile: (305) 437-8131


                                                    By:  */s/ Harout Jack Samra*
                                                         MICHAEL G. AUSTIN
                                                         Florida Bar No. 0457205
                                                         Michael.Austin@dlapiper.com
                                                         HAROUT JACK SAMRA
                                                         Florida Bar No. 70523
                                                         Harout.Samra@dlapiper.com

                                                         *Attorneys for Plaintiff*
                                                         *Armando de Armas*

Filing # 36600019 E-Filed 01/14/2016 06:34:25 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Armando de Armas Caraballo</u>
 Plaintiff

         vs.

<u>Martin Antonio de Armas Silva, Andres de Armas Silva, Jerome International S.A., Marand Re S.A.</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☒ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
☒   Monetary;
☐   Non-monetary
☒   Non-monetary declaratory or injunctive relief;
☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>6</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐   Yes
☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒   No
☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒   Yes
☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Harout Jack Samra</u>        FL Bar No.: <u>70523</u>
      Attorney or party                               (Bar number, if attorney)

<u>Harout Jack Samra</u>      <u>01/14/2016</u>
      (Type or print name)                      Date

N. º de presentación 36600019 Presentado por vía electrónica 14/01/2016 06:34:25 PM

EN LA CORTE DE CIRCUITO DEL UNDÉCIMO CIRCUITO
JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE,
FLORIDA
SALA DE COMPETENCIA GENERAL

ARMANDO DE ARMAS CARABALLO;

      Demandante

    contra                     N. º de CASO _____

JEROME INTERNATIONAL S.A.,
MARAND RE S.A., MARTIN
ANTONIO DE ARMAS SILVA,
ANDRES DE ARMAS SILVA;

      Demandados.
_____ /

1

**DEMANDA POR DAÑOS Y PERJUICIOS,
INDEMNIZACIÓN JUSTA Y
SOLICITUD DE JUICIO POR
JURADO**

El Demandante, ARMANDO DE ARMAS CARABALLO ("Demandante" o

"Armando"),  en la presente demanda a MARTIN ANTONIO DE ARMAS SILVA

("Martin") y a ANDRES DE ARMAS SILVA ("Andres"), los Demandados (de forma

colectiva, Martin y Andres en lo sucesivo conocidos como los "Demandados

individuales"), JEROME INTERNATIONAL S.A. ("Jerome"), MARAND RE S.A.

("Marand")

(de forma colectiva, todos los demandados mencionados en lo sucesivo conocidos
como "Demandados") y establece lo siguiente:

**NATURALEZA DE LA ACCIÓN, COMPETENCIA Y
JURISDICCIÓN TERRITORIAL**

1.       Esta disputa surge de las acciones ilegales en curso de los Demandados

en relación a los esfuerzos para privar al Demandante de sus derechos e intereses a

ciertos fondos actualmente gestionados por las entidades Jerome y Marand en Cuentas

de Northern Trust en el condado de Miami-Dade, Florida (las "Cuentas Northern

Trust").

2.       Como se alega adicionalmente en este documento, a pesar del interés

beneficioso del Demandante y su derecho a un tercio (1/3) de los fondos y el dinero de

las Cuentas de Northern Trust, los Demandados individuales actualmente violan sus

obligaciones legales y deberes fiduciarios que le corresponden al Demandante, entre

otras cosas, ya que no distribuyen ni explican correctamente el dinero mantenido en las

Cuentas de Northern Trust.

3.       Se trata de una acción por daños y perjuicios en una cantidad mayor a quince mil

dólares ($ 15 000,00), sin contar los intereses, los costos y los honorarios de los abogados, y por lo tanto, se encuentra dentro de los límites jurisdiccionales de esta Corte. El Demandante también pretende reparación declarativa y suplementaria de conformidad con los Estatutos de Florida § 86.011, § 86.021 y § 86.061, sobre la cual esta Corte es competente.

4.     La jurisdicción territorial sería en el condado de Miami-Dade, Florida, de conformidad con los Estatutos de Florida §§ 47.011, 47.041, y 47.051, debido a que las causas de los hechos alegados en el presente documento devengan en este condado, los Demandados residen o tienen sus oficinas y la propiedad en litigio se encuentra en el condado de Miami-Dade, Florida.

5.     Esta Corte tiene jurisdicción personal sobre los Demandados de conformidad con los Estatutos de  Florida §§ 48.193 (1)(a) y (2) porque, entre otras cosas, los Demandados se dedican a actividades sustanciales, no aisladas dentro de Florida, cometiendo un acto ilícito dentro del estado, y operan, conducen, participan en y realizan operaciones comerciales dentro del estado de Florida, dando surgimiento a esta acción.

6.     Todas las condiciones previas a la interposición de esta acción, en su caso, se han producido o se han dispensado o suspendido.

## PARTES

7.     El Demandante Armando de Armas Caraballo es residente de Caracas, Venezuela, mayor de 18 años de edad y tiene capacidad legal. El Demandante, directamente o a través de una sociedad tenedora, es el dueño de un tercio (1/3) de los intereses de las entidades Jerome y Marand, y tiene interés beneficioso y derecho a un tercio (1/3) de los fondos y el dinero depositados en las cuentas de Northern Trust.

8.     El Demandado Martin es residente de Caracas, Venezuela, mayor de 18 años de edad y tiene capacidad legal. En todo momento de la Demanda, Martín, directamente o a través de

3

una sociedad tenedora, ha poseído y controlado de forma beneficiosa un tercio (1/3) de los intereses de las entidades Jerome y Marand.

9.     El Demandado Andres es residente del condado Miami-Dade, Florida, mayor de 18 años de edad y tiene capacidad legal. En todo momento de la Demanda, Andres, directamente o a través de una sociedad tenedora, ha poseído y controlado de forma beneficiosa un tercio (1/3) de los intereses de las entidades Jerome y Marand.

10.     El Demandado Jerome es una empresa panameña utilizada por Armando, Andres y Martin como empresa tenedora para mantener ciertas cuentas bancarias, inclusive la Cuenta de Northern Trust, en el condado de Miami-Dade, Florida.

11.     El Demandado Marand es una empresa panameña utilizada por Armando, Andres y Martin como empresa tenedora para mantener ciertas cuentas bancarias, inclusive la Cuenta de Northern Trust, en el condado de Miami-Dade, Florida.

## ALEGATOS GENERALES

12.     Aproximadamente en junio de 2001, se crearon y formaron las entidades Jerome y Marand como sociedades tenedoras a los efectos de la inversión y la celebración de ciertos fondos en los Estados Unidos para el beneficio de los tenedores y propietarios de 1/3 de los intereses.

13.     Las entidades Jerome y Marand establecieron las Cuentas de Northern Trust en el condado de Miami-Dade, Florida, y los tenedores y propietarios de un tercio (1/3) de los intereses aportaron dinero y fondos sustanciales en cada una de las cuentas de Northern Trust.

14.     En relación con el uso de las entidades Jerome y Marand como sociedades tenedoras, los tenedores y propietarios de un tercio (1/3) de los intereses estuvieron de acuerdo y entendieron que cada uno de ellos

tendría una participación directa y derecho a un tercio (1/3) de los fondos retenidos en las cuentas establecidas por las entidades Jerome y Marand, y que, previa solicitud, cada uno de ellos tendría el derecho a recibir una pronta distribución de su tercio (1/3) del dinero mantenido en cualquiera de las cuentas de las empresas.

15.     Con base a la información y parecer, las Cuentas de Northern Trust para las entidades Jerome y Marand actualmente tienen aproximadamente US$ 10 millones depositados.

16.     Como se alega anteriormente, el Demandado y los Demandados individuales son propietarios beneficiosamente de un tercio (1/3) de los intereses en las entidades Jerome y Marand, y cada uno tiene un interés beneficioso directo y derecho a un tercio (1/3) de los fondos depositados en las Cuentas de Northern Trust.

17.     Ante el acuerdo y el entendimiento de las partes sobre sus respectivos derechos a un tercio (1/3) de los fondos depositados en las cuentas de Jerome y Marand, el Demandante depositó su confianza en Martin y Andres para actuar como fiduciarios con respecto a dichas cuentas y los facultó con autoridad firmante para las Cuentas de Northern Trust.

18.     Los Demandados individuales entendieron y aceptaron la confianza que se había depositado en ellos como fiduciarios, y se obligaron a actuar como fiduciarios y de buena fe con respecto a las Cuentas de Northern Trust.

19.     Como tal, solo los dos Demandados individuales y un tercer individuo, Carlos Obregón, tienen autoridad firmante en las Cuentas de Northern Trust, y el Demandante confió en que actuarían de buena fe y cumplirían plenamente con sus obligaciones fiduciarias.

20.     A mediados del 2015, el Demandante solicitó que los Demandados individuales le proporcionen información sobre la situación financiera de las entidades Jerome y Marand y el estado de las Cuentas de Northern Trust.

21.     Después de que los Demandados individuales se negaron a proporcionar esta información, el Demandante solicitó la autoridad firmante sobre las Cuentas de Northern Trust.

22.     En agosto del 2015, luego de que los Demandados individuales rechazaran las peticiones del demandante de información y autoridad firmante, y conforme al acuerdo y al entendimiento de las partes, el Demandante posteriormente decidió ejercer su derecho a retirar los fondos a los que tenía derecho de las Cuentas de Northern Trust.

23.     Con este fin, en agosto del 2015, el Demandante y sus representantes se reunieron con los Demandados individuales y solicitaron formalmente la distribución del tercio (1/3) de los fondos del Demandante mantenidos en las Cuentas de Northern Trust (la "reunión de agosto del 2015").

24.     Si bien los Demandados individuales no distribuyeron el importe total del tercio (1/3) de los intereses del Demandante en las Cuentas de Northern Trust, reconocieron el derecho del Demandante a los fondos mediante la distribución de US\$ 650 000 al Demandante por transferencia bancaria en el cumplimiento parcial de la demanda del mes de agosto del 2015.

25.     Luego de la Reunión de agosto del 2015 y la solicitud, el Demandante, sus representantes y los Demandados individuales continuaron discutiendo el asunto y mantuvieron una reunión adicional en noviembre del 2015 en Northern Trust en Miami, Florida, para hablar sobre las entidades Jerome y Marand y la distribución de los fondos del Demandante depositados en las Cuentas de Northern Trust.

26.     Durante esta reunión en Northern Trust, al contrario de sus obligaciones fiduciarias y legales, los Demandados individuales se abstuvieron de llegar a un acuerdo para distribuir el tercio (1/3) de los fondos del Demandado depositados en las Cuentas de Northern Trust pero afirmaron que lo considerarían y lo informarían posteriormente.

27.     A pesar de su acuerdo, las representaciones y las obligaciones fiduciarias, los Demandados individuales no ejecutaron la distribución requerida de los fondos de las Cuentas de Northern Trust en favor del Demandante, y hasta la fecha no han proporcionado ninguna justificación para sus rechazos ilícitos.

28.     Los Demandados individuales están actuando de mala fe y han incumplido sus obligaciones fiduciarias y legales, y sus acciones están causando un daño sustancial irreparable y perjuicios al Demandante.

29.     Los Demandados individuales no han respondido a los numerosos intentos posteriores de contacto por parte del Demandante y sus representantes.

30.     El Demandante se ha visto obligado a contratar a un abogado que suscribe y a incurrir en honorarios de abogados a partir de esta acción.

## PRIMERA IMPUTACIÓN

### INCUMPLIMIENTO DEL DEBER FIDUCIARIO
**Contra los Demandados individuales**

31.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

32.     Como se alega anteriormente, el Demandante confió en los Demandados individuales que asumieron tal confianza y el deber de proteger al Demandante, además asumieron los deberes fiduciarios hacia el Demandante, en relación con la gestión y el uso de las Cuentas de Northern Trust mantenidas por Jerome y Marand.

33.     Como fiduciario al Demandante, se requiere que los Demandados individuales actúen con un deber de cuidado y en sus mejores intereses, y que no utilicen sus roles para beneficio e interés personal.

34.      Los Demandados individuales tienen un deber de cuidado y deben abstenerse de participar en conductas negligentes o imprudentes y  malas conductas intencionales que impacten negativamente al Demandante.

35.      Los Demandados individuales tienen el deber de cumplir con sus responsabilidades conforme a su obligación de buena fe y trato justo.

36.      Los Demandados individuales deliberadamente y sin justificación o autoridad, incumplieron ilegalmente sus deberes fiduciarios, entre otras cosas, al: (i) negarse indebidamente a distribuir el tercio (1/3) de los fondos del Demandante depositados en las Cuentas de Northern Trust; (ii) ocultar indebidamente y no dar a conocer la situación financiera de Jerome y Marand, y las Cuentas de Northern Trust; (iii) impedir y retrasar deliberadamente la devolución del tercio (1/3) de los fondos del Demandante en las cuentas de Jerome y Marand de Northern Trust; (iv) actuar de manera perjudicial para el Demandante y causarse pérdidas económicas y daños; y (v) realizar cualquier otra conducta egoísta, desleal e impropia.

37.      Las múltiples violaciones de los Demandados individuales a sus deberes fiduciarios causaron perjuicios y daños sustanciales al Demandante, como consecuencia el Demandante sufrió daños y perjuicios inmediatos a las múltiples violaciones de los Demandados individuales a sus deberes fiduciarios contraídos

38.      Las acciones de los Demandados individuales contra el Demandado han sido intencionales, gratuito, malicioso, y se han realizado con indiferencia imprudente.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados individuales por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

8

## SEGUNDA IMPUTACIÓN

## IMPEDIMENTO POR LA PROMESA
### Contra los Demandados individuales

39.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

40.     Como se alega anteriormente, los Demandados individuales hicieron representaciones materiales y promesas al Demandante en relación con sus derechos y la distribución de su tercio (1/3) de los intereses de los fondos depositados en las cuentas de Northern Trust de Jerome y Marand.

41.     Los Demandados individuales representaron y prometieron que, previa petición, cada uno de los propietarios de un tercio (1/3) del total, entre ellos el Demandante, tendría derecho a recibir la pronta distribución de su tercio (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

42.     Contrario a sus representaciones y promesas, los Demandados individuales ahora se han negado a cumplir con sus promesas y representaciones, e intentan incumplir dichas representaciones y acuerdos previos con el fin de hacer mal uso y ejercer el control sobre todos los fondos mantenidos en las Cuentas de Northern Trust, inclusive los fondos a los que tiene derecho el Demandante.

43.     El demandante razonable y perjudicialmente confió en las múltiples promesas y tergiversaciones de los hechos y el patrón de omisión material de los Demandados individuales permitiendo, entre otras cosas, que los Demandados individuales tengan acceso a sus fondos en las Cuentas de Northern Trust y permitiendo a los Demandados individuales que obstaculicen y retrasen su uso de los fondos mantenidos en las Cuentas de Northern Trust de Jerome y Marand.

9

44.     El demandante razonable confió en las representaciones y promesas de los Demandados individuales, y esperó que estos cumplan con sus promesas y tomaran las acciones anteriores para devolverle rápidamente a tercio (1/3) de los fondos mantenidos en las cuentas de Northern Trust.

45.     Solo se puede evitar la injusticia mediante la imposición de las representaciones y promesas en contra de los Demandados individuales.

46.     Como consecuencia del incumplimiento de las representaciones y promesas de los Demandados individuales, el Demandante ha sufrido daños y perjuicios sustanciales.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

**TERCERA IMPUTACIÓN**

**FIDEICOMISO CONSTRUÍDO**
**Contra los Demandados individuales**

47.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

48.     En relación con el uso de las entidades Jerome y Marand como sociedades tenedoras, los propietarios y tenedores de intereses en las empresas acordaron y entendieron que cada propietario de un tercio (1/3) del total tendría un interés beneficioso directo y derecho a un tercio (1/3) de los fondos que se mantienen en las cuentas bancarias establecidas por las entidades Jerome y Marand, y que, previa petición, cada propietario de un tercio (1/3) tendría derecho a recibir la pronta distribución de su tercera parte (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

49.     Los Demandados individuales representaron y prometieron que, previa

10

petición, cada uno de los propietarios de un tercio (1/3) del total, entre ellos el Demandante, tendría derecho a recibir la pronta distribución de su tercio (1/3) de los fondos que se mantienen en cualquiera de las cuentas bancarias.

50.     El Demandante confió en las representaciones y las promesas de los Demandados individuales en relación con el tercio (1/3) de sus fondos en las Cuentas de Northern Trust de Jerome y Marand, sobre el cual los Demandados individuales tratan de ejercer control.

51.     Existe una relación confidencial entre el Demandante y los Demandados individuales.

52.     Las circunstancias hacen que la retención de los Demandados Individuales de los intereses del Demandante en Jerome y Marand sea no equitativa.

53.     Los Demandados se han enriquecido injustamente a costa del Demandante.

**POR LO TANTO**, el Demandante solicita que se dicte sentencia contra los Demandados por daños y perjuicios, daños legales agudos, intereses, gastos, honorarios razonables de abogados y cualquier otra reparación que esta Corte considere justa y apropiada.

## CUARTA IMPUTACIÓN

### <u>INDEMNIZACIÓN JUSTA DECLARATORIA Y SUPLEMENTARIA</u>
### Contra todos los Demandados

54.     El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

55.     Se trata de un recurso por reparación declaratoria y suplementaria de conformidad con el Capítulo 86, de los Estatutos de Florida.

56.     Sobre la base de los hechos expuestos anteriormente, y debido a la actual disputa entre el Demandante y los Demandados, existe una necesidad real, de buena fe y

práctica de declaración judicial de los respectivos derechos y obligaciones de las partes.

57.     El Demandante solicita una declaración judicial con respecto a sus derechos e intereses en relación con las Cuentas de Northern Trust y una declaración judicial sobre su derecho a la devolución de su tercio (1/3) de los fondos depositados en las Cuentas de Northern Trust de Jerome y Marand.

58.     El Demandante duda sobre cuáles son sus derechos y se ve afectado directa y materialmente por los comportamientos denunciados en el presente documento.

59.     Las declaraciones solicitadas en el presente documento se refieren a un estado presente, reconocidos o determinable de hechos o presente controversia en cuanto a un estado de hechos.

60.     Los derechos del Demandante dependen de los hechos o de la ley aplicable a los hechos.

61.     El Demandante y los Demandados tienen un interés real, presente, adverso y antagónico sobre el tema en cuestión.

62.     Los intereses antagónicos y adversos se han presentado ante la Corte a través del adecuado proceso, y la reparación solicitada no es más que la entrega de asesoría legal por las cortes o la respuesta a las preguntas surgidas de la curiosidad. El Demandante no buscar obtener asesoramiento u opiniones legales.

63.     A medida que se cumplan los elementos necesarios identificados en la Ley de Sentencia Declaratoria, la Corte puede conocer este asunto en virtud de la Ley de Sentencia Declaratoria y proporcionar la reparación solicitada.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte dicte sentencia a favor del Demandante, y en contra de los Demandados declarando lo siguiente: (a) que el Demandante tiene derecho a la devolución de su tercio (1/3) de los fondos en las

Cuentas de Northern Trust mantenidas por Jerome y Marand; (b) ordenar a los Demandados tomar todas las medidas necesarias para ejecutar la devolución de los intereses del Demandante sobre las Cuentas de Northern Trust mantenidas por Jerome y Marand; y (d) que se le proporcione al Demandante con una reparación suplementaria o cualquier otra que esta Corte considere justa.

**QUINTA IMPUTACIÓN**

**<u>CONSPIRACIÓN CIVIL</u>**
**Contra los Demandados individuales**

64.    El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

65.    Los Demandados individuales acordaron y conspiraron para llevar a cabo actos ilegales o actos lícitos por medios ilícitos con respecto a sus esfuerzos para privar al Demandante de su tercio (1/3) de los intereses de los fondos depositados en las Cuentas de Northern Trust de Jerome y Marand, e interferir con los derechos e intereses del Demandante en relación con las empresas tenedoras Jerome y Marand.

66.    Los Demandados individuales han realizado múltiples actos para avanzar en esta conspiración, incluidos sin limitación:  (i) la realización de esfuerzos indebidos y coordinados para retener ilegalmente la parte de los fondos del Demandante mantenidos en Las Cuentas de Northern Trust de Jerome y Marand para promover sus propios intereses y obtener injustamente beneficios financieros para sí mismos; (ii) la realización de esfuerzos indebidos y coordinados para interferir con la propiedad de dichos intereses del Demandante; (iii) representaciones engañosas y falsas al Demandante; y (iv) la realización de un esfuerzo coordinado para interferir intencionalmente con los intereses comerciales del Demandante.

67.    Tal conspiración y acuerdo tuvo por objeto permitir y facilitar la conducta

13

ilícita de los Demandados individuales, incluida la violación de sus deberes fiduciarios y otras prácticas comerciales inapropiadas, ilegales e injustas contra el Demandante.

68.     La conspiración de los Demandados individuales se basa en varios errores subyacentes de acciones concretas, inclusive sin limitación, la violación de sus deberes fiduciarios y obligaciones legales.

69.     Además, en virtud de su combinación, los Demandados individuales poseen y tienen un poder peculiar de coacción, que una persona individualmente no posee, y que proporciona una base alternativa e independiente para una demanda por conspiración civil.

70.     La naturaleza de las acciones concertadas de los Demandados individuales le causa daños y perjuicios al Demandante.

71.     Como parte de la conspiración, cada uno de los Demandados individuales conspiró y actuó para su propio beneficio personal y en su propio interés en relación con el objeto de su conspiración, apoderándose ilícitamente del control de los activos de Jerome y Marand.

72.     Los Demandados individuales han actuado deliberada, maliciosa y arbitrariamente en relación con las medidas adoptadas contra el Demandante.

73.     El Demandante resultó dañado como consecuencia de los actos llevados a cabo de conformidad con la conspiración de los Demandados.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte dicte sentencia para el Demandante y los Demandados individuales por: (i) una indemnización al Demandante por todos los daños sufridos como consecuencia de la conducta de los Demandados individuales; (ii) una indemnización al Demandante por todos los intereses previos y posteriores a la sentencia de todos los importes monetarios; (iii) el Demandante se reserva el derecho de solicitar permiso para modificar aún más la demanda para agregar una

solicitud por daños punitivos de conformidad con los Estatutos de Florida § 768.72; y (iv) cualquier otra reparación que esta Corte considere justa y apropiada.

**SEXTA IMPUTACIÓN**

**<u>CONTABILIDAD</u>**
**Contra los Demandados individuales**

74.    El Demandante aporta como referencia las alegaciones contenidas en los párrafos 1 a 30 como parte del presente.

75.    Como administradores únicos de las Cuentas de Northern Trust, los Demandados individuales asumen y están a cargo de los deberes fiduciarios hacia el Demandante como accionista minoritario en las entidades de Jerome y Marand.

76.    Los Demandados individuales tenían un deber fiduciario para con el Demandante y los Demandados en control eran responsables de gestionar la contabilidad diaria de las entidades Jerome y Marand, las cuentas bancarias de las entidades Jerome y Marand, inclusive las Cuentas de Northern Trust y garantizar que el Demandante recibiera todo el dinero de las entidades Jerome y Marand sobre el que tenía derecho legítimo.

77.    Los Demandados individuales han incumplido con sus obligaciones fiduciarias.

78.    El Demandante tiene un derecho legal claro para recuperar los daños y perjuicios causados por la violación de los Demandados individuales de sus deberes fiduciarios.

79.    Como resultado de la violación de los Demandados individuales de sus deberes fiduciarios, es difícil, si no imposible, que el Demandante obtenga una indemnización total y completa por sus pérdidas sin antes obtener una contabilidad de las entidades Jerome y Marand y los Demandados individuales por todos la pérdida y el daño causado por la violación de sus deberes fiduciarios.

80. En consecuencia, los recursos legales son insuficientes para remediar eficazmente la violación de los Demandados individuales de sus deberes fiduciarios.

**POR LO TANTO**, el Demandante solicita respetuosamente que esta Corte ordene que los Demandados individuales proporcionen una contabilidad al Demandante por todas las operaciones de las entidades Jerome y Marand, y por todas las pérdidas y daños causados por sus acciones, y por cualquier otra reparación que esta Corte considere apropiada.

## SOLICITUD DE JURADO

81. El Demandante solicita juicio por jurado sobre todos los hechos enjuiciables en disputa.


14 de enero del 2016                        Respetuosamente,

                                              **DLA PIPER LLP**
                                              200 South Biscayne Boulevard, Suite 2500
                                              Miami, Florida 33131
                                            Teléfono: (305) 423-8500
                                            Fax: (305) 437-8131


                                            Por: */f/ Harout Jack Samra*
                                                    MICHAEL G. AUSTIN
                                                    Florida Bar No. 0457205
                                                    Michael.Austin@dlapiper.com
                                                    HAROUT JACK SAMRA
                                                    Florida Bar N. ° 70523
                                                    Harout.Samra@dlapiper.com


                                                    *Abogados del Demandante*
                                                    *Armando de Armas*

Case 1:17-cv-21517-MGC   Document 7-1   Entered on FLSD Docket 06/13/2017   Page 93 of 96

## FORMULARIO 1.997. PORTADA DE FORMULARIO PARA CASO CIVIL

La portada de formulario para caso civil y la información contenida en el presente documento no sustituyen ni complementan la presentación y el trámite de solicitudes u otros papeles como requiere la ley.  Este formulario deberá presentarse por el demandante o el peticionario por el uso de la Secretaria de la Corte con el fin de comunicar los datos de carga de trabajo judiciales de conformidad con los Estatutos de Florida, sección 25.075.

---

**I.   DATOS DEL CASO**

EN LA CORTE DE CIRCUITO DEL UNDÉCIMO CIRCUITO JUDICIAL EN Y
PARA EL CONDADO DE MIAMI-DADE, FLORIDA

N. º de CASO: _____

Juez: _____

Armando de Armas
Caraballo
 Demandante

        contra

Martin Antonio de Armas Silva, Andres de Armas Silva, Jerome International S.A., Marand Re S.A.
Demandados

---

**II.   TIPO DE CASO**

- ☐ Condominio
- ☐ Contratos y endeudamientos
- ☐ Expropiación
- ☐ Auto negligencia
- ☐ Negligencia - otra
    - ☐ Gobernanza empresarial
    - ☐ Tuertos comerciales
    - ☐ Daño ambiental/tóxico
    - ☐ Indemnización a tercero
    - ☐ Defecto de construcción
    - ☐ Daño colectivo
    - ☐ Seguridad negligente
    - ☐ Negligencia en asilos de ancianos
    - ☐ Responsabilidad del local - comercial
    - ☐ Responsabilidad del local - residencial
- ☐ Responsabilidad por productos
- ☐ Bienes inmuebles / ejecución de la hipoteca
    - ☐ Liquidación forzada comercial $ 0 - $ 50 000
    - ☐ Liquidación forzada comercial $ 50 001 - $ 249 999
    - ☐ Liquidación forzada comercial $ 250 000 o más
    - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 0 - $ 50 000
    - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 50 001 - $ 249 999
    - ☐ Ejecución de hipoteca de propiedad residencial con protección para el patrimonio $ 250 000 o más
    - ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 0 - $ 50 000

- ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 50 001 - $ 249 999
- ☐ Ejecución de hipoteca de propiedad residencial sin protección para el patrimonio $ 250 00 o más

- ☐ Otras acciones de bienes inmuebles $ 0 - $ 50 000
- ☐ Otras acciones de bienes inmuebles $ 50 001 - $ 249 999
- ☐ Otras acciones de bienes inmuebles $250 000 o más

- ☐ Negligencia profesional
  - ☐ Negligencia – comercial
  - ☐ Mala praxis – médica
  - ☐ Negligencia – otro profesional
- ☒ Otro
  - ☐ Regulación comercial / antimonopolio
  - ☒ Transacción comercial
  - ☐ Circuito civil - No corresponde
  - ☐ Decreto o estatuto de recurso de inconstitucionalidad

—

- ☐ Enmienda propuesta por recurso de inconstitucionalidad
- ☐ Fideicomiso corporativo
- ☐ Discriminación en el empleo u otro
- ☐ Reclamos de seguro
- ☐ Propiedad intelectual
- ☐ Difamación/Calumnia
- ☐ Acciones derivadas de accionistas
- ☐ Litigios sobre valores
- ☐ Secretos comerciales
- ☐ Litigios por fideicomisos

**CORTE DE LITIGIOS COMPLEJOS DE NEGOCIOS**

Esta acción es apropiada para la Corte de litigios complejos de negocios como lo indica y manda la Orden Administrativa.  Sí ☐  No ☒

**III.**    **REPARACIONES SOLICITADAS** (marque todas las que corresponda):
   ☒ Monetaria,
   ☐ No monetaria
   ☒ Medida cautelar o reparación declaratoria no monetaria,
   ☐ Punitiva

**IV.**    **NÚMERO DE CAUSAS DE ACCIÓN: (      )**
   (Especificar)

   <u>6</u>

**V.**    **¿ESTE CASO ES UNA DEMANDA COLECTIVA?**
   ☐ Sí
   ☒ No

**VI.**    **¿TIENE CONOCIMIENTO DE ALGÚN CASO RELATIVO QUE SE HAYA PRESENTADO?**
   ☒ No
   ☐ Sí – En caso de respuesta afirmativa, enumere todos los casos relacionados por nombre, número de caso y corte:

**VII.**    **¿SE SOLICITA JUICO POR JURADO EN LA DEMANDA?**
   ☒ Sí
   ☐ No

---

CERTIFICO que la información que la información que he proporcionado en esta portada de formulario para caso civil es fidedigna según mi leal saber y entender.

Firma f<u>/ Harout Jack Samra</u>            FL Bar N. º:  <u>70523</u>
          Abogado o parte                                                      (Número Bar en caso de abogado)

<u>Harout Jack Samra</u>       <u>01/14/2016</u>
          (Ingresar o imprimir nombre)                         Fecha



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY  10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of New York**
**State of New York**

Date: June 2, 2016

To whom it may concern:

This is to certify that the attached translation from English into Spanish is an accurate representation of the documents received by this office.

The documents are designated as:
- De Armas v. Jerome Int'l S.A. et al. (Case No. 2016-001033-CA-01)

David Wettenstein, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of David Wettenstein

Accurate Translation Services 24/7